WILLIAM G. ACKERMAN, Appellant, v. CHARLES E. GORTON, Respondent.

H. devised certain real estate to his wife " to be used and enjoyed by her during her natural life, and from and immediately after her decease * * * to be divided equally among " his children. By a codicil he authorized his wife to sell and convey his real estate, subject, however, to the approval of all his heirs surviving at the time of such sale. After the death of H., the widow, with the consent of the surviving heirs, sold and conveyed said real estate, but, prior thereto, two judgments had been recovered and docketed against A., one of the children. Upon a case submitted to determine the validity of the title so conveyed, *held*, that upon the death of H. his children took a vested remainder in the lands so devised, subject to be defeated by a sale under the power given to the widow; that such power did not enlarge the widow's estate into a fee, nor was it the testator's intention to give to her the whole proceeds in case of sale; but that the parties should take the same interest therein as they had in the lands, she to have the income, and upon her death the principal to go to the children; that the judgments against A. became liens upon his interest, subject, however, to the power of sale; and that a *bona fide* sale gave to the purchaser a good title, free from such liens, they being transferred from the lands, and attaching to the interest of A. in the proceeds.

*Ackerman* v. *Hoyt* (6 Hun [Mem.], 301) reversed.

(Argued September 18, 1876; decided September 20, 1876).

APPEAL from judgment of the General Term of the Supreme Court in the Second Judicial Department in favor of defendant, entered upon a case submitted under section 372 of the Code.

Belding Hoyt, late of Yonkers, Westchester county, died June 21, 1874, leaving a will and codicil. The will, after certain bequests, contained these clauses:

"Third. I give and devise all the rest, residue and remainder of my real and personal estate to my beloved wife, Rebecca, to be used and enjoyed by her during the term of her natural life, and from and immediately after her decease, I give and devise the same as follows: To my daughter, Emeline Adelia, the homestead property, that is to say, the dwelling-house in which I now reside, together with all that piece or parcel of land upon which the said dwelling stands, bounded on the north by land of Noah B. Hoyt, on the east by the stone fence as it now stands, on the south by land of Anson B. Hoyt, and on the west by the Albany post-road, or Broadway, to be used and enjoyed by her during the term of her natural life, and from and immediately after her decease to be divided equally among my children, Anson B. Hoyt, Noah B. Hoyt and George W. Hoyt, share and share alike, and, also, I give and bequeath to my said daughter, Emeline Adelia, all of my household furniture. And the rest, residue and remainder of my real and personal estate shall be divided equally among my children, Anson B. Hoyt, Noah B. Hoyt, George W. Hoyt, and Emeline Adelia, share and share alike. In case of the death of any or either of my said children, Anson B., Noah B., George W., or Emeline Adelia, before having received the property to which, by the provisions of this will, they would have been entitled, without leaving issue, him, her or them, surviving, then the said portion or portions shall be divided equally among the survivors of him, her or them, share and share alike. And if any or either of my said children should die, as aforesaid, leaving lawful issue, him, her or them, surviving, then the children of him, her or them

shall be entitled to receive the parent's share, and the same shall be divided equally among them."

The material portion of the codicil was as follows:

" I do, by this, my writing, which I hereby declare to be a codicil to my said last will and testament, and to be taken as a part thereof, order and declare that my will is, that my said wife, Rebecca, may, at any time during her lifetime, sell and dispose of any or all of my real estate, giving and granting unto my said wife full power and authority to execute and deliver to the purchaser or purchasers thereof the proper instruments in writing for the conveyance of the same in law. Provided, nevertheless, and upon the express condition that such sale or sales shall be subject to the approval of each and every of the heirs of my said estate, surviving at the time of such sale or sales as aforesaid."

In January, 1875, the widow, with the consent of all the heirs then surviving, who joined in the conveyance, sold and conveyed certain of the real estate of which said testator died seized, to Adelia Emeline Hoyt, who, in March, 1875, conveyed the same to plaintiff. After the death of said testator and prior to the conveyance by his widow, two judgments were recovered and docketed in Westchester county against Anson B. Hoyt, one of the testator's children. In September, 1875, plaintiff contracted to sell a portion of the lands so conveyed to him to defendant, who refused to pay the purchase-money and take a conveyance, alleging that plaintiff's title was defective.

*Ralph E. Prime* for the appellant. The judgment debtor, Hoyt, never had any interest whatever in the land upon which the lien of a judgment could attach. (1 R. S., *735, § 107; *736, § 112; *729, § 59; *732, §§ 77, 79; *733, § 85; *Blanchard* v. *Blanchard*, 4 Hun, 287, 291.) The devise to the widow was a power in trust, and did not convey to her a fee. (§ 81 [101], 24 [5th ed.], R. S.) The estate of Anson B. Hoyt was a vested future·estate, and as such could be sold on execution. (*Shenden* v. *House*, 4 Keyes, 569; *Jackson* v.

*Middleton*, 25 Barb., 9; 3 R. S. [5th ed.], 13.) The judgment against Hoyt was a lien upon the property in question. (Code, § 282; § 84, p. 22 [5th ed.], R. S.)

*Matt. H. Ellis* for the respondent.

ANDREWS, J. The children of Belding Hoyt, upon his death, took under his will a vested estate in remainder in the lands devised to his wife for her life. The words "from and immediately after her death," did not operate to postpone the vesting of the remainder in the children until the death of the life tenant, but by well settled construction denoted simply the period when they would become entitled to the estate in possession. (*Livingston* v. *Greene*, 52 N. Y., 118; *Taggart* v. *Murray*, 53 id., 233.) But the estate of the remaindermen was liable to be divested by a sale of the land by the widow under the power given by the will. The claim that the power given to the life tenant to dispose of the fee, enlarged her estate to a fee is not well founded. (1 R. S., 732, § 81.) The power of disposition was not absolute. It was given on condition that it should not be exercised without the approval of the testator's heirs, surviving when the sale was made. The object of the power seems to have been to enable the widow, with the consent of the children to convert the real estate into money, so as to give her the income for her support instead of the rents and profits of the land. The power was not a beneficial one within the definition of the statute. (1 R. S., 732, § 79.) It was not the intention of the testator to give the widow the whole proceeds of the land in case of sale. The express gift of the remainder to the children, and the provison that the land should not be sold without their consent is inconsistent with such a construction of the will. In case of a sale under the power, the tenant for life, and the devisees in remainder would take the same interest in the proceeds as they had in the land; the income would belong to the widow for life, and the principal after her death to the children. The judgments against Anson B. Hoyt one of the sons of the

testator, obtained before a sale had been made under the power, became a lien on his interest in remainder in the lands of the testator. But this did not prevent the power from being thereafter exercised. The right of the judgment creditors was subject to it, and a *bona fide* sale of the land, made in pursuance of the power, would give to the purchaser a good title, free from the lien of the judgments. The lien of the judgment creditors in case of sale would be transferred from the land and attach to the interest of the judgment debtor in the proceeds.

The will of the testator is to be observed, and his purpose ought not to be defeated, as it would be if it should be held that the land could not be sold under the power, or if sold, that the sale should be subject to the lien of the judgments.

We are of opinion that upon the facts stated in the case, the plaintiff has a good title to the land embraced in the contract, and that the defendant should be decreed specifically to perform it.

The judgment of the General Term should be reversed, and judgment ordered in conformity with this opinion.

All concur; RAPALLO, J., absent.

Judgment reversed, and judgment accordingly