Woods, Surr.
Andrew McClyment died November 1, 1863, leaving his last will, which was executed Octo *263 her 10,1863, and probated November 5, 1863, by which will, he devised the possession, occupation and use of all his property, after payment of his debts, to his sister, Barbara McClyment, during her natural life, and so much of the principal thereof as she might need for her support; and he directed his executor, at the death of his sister, to convert his property into money, and deliver the same to the trustees of the Theological Seminary located in the city of New York. The said Barbara McClyment died January 54, 1884.
It is contended by the heir-at-law of the testator, that the bequest to the Union Theological Seminary was void, because the will was not made and executed at least two months before the death of the testator, as is required by the provisions of chapter 319, section 6, of the laws of 1848.
The Union Theological Seminary was incorporated by a special act of the legislature of this State (L. 1839, c. 99), under which it was made capable of taking and holding property, by gift, grant and devise, or otherwise, without restriction, except as to the amount of the annual income and the value of the personal property.
This act was amended by chapter 636 of the law® 1865, making its right to take and hold property “subject to existing laws,” and chapter 129 of the laws of 1870, so that its right to take and hold property is “'subject to all the provisions of law relating-to devisesand bequests by last will and testament.” The effect of these amendments was to make all the provisions of law, of a general character, relating to the subject, apply to bequests to this corporation.
This would include the provisions of the act of 1848* and also the act relating to wills passed in 1860† (Kerr v. Doughtery, 79 N. Y. 327, 336).
But prior to the amendment of 1865, the act of *264 1848, and the act of 1860, had no application to this corporation.
Its charter was a special act, and being special, the legislature definitely and specially fixed its powers, and the limits thereof, and they were not repealed or modified by the acts of 1848 or 1860 (Lefevre v. Lefevre, 59 N. Y. 434; Harris v. Am. Baptist Home Miss. Soc., 33 Hun, 411; Hollis v. Drew Theological Seminary, 95 N. Y. 166).
It follows, therefore, that if the Theological Seminary acquired a vested interest in the bequest in question, at the time of the testator’s death, November 1, 1863, such interest was not divested by the amendments of 1865 and 1870, because- these amendments are not to have a retrospective operation. There can be no .doubt, but the interest of the Seminary in this bequest -was a vested interest. “Estates are vested when there -is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate” (1 Rev. Stat. '723, § 13 ; same statute, 3 lb. 7th ed. p. 2176.)
“At the decease” of this sister, who had a life estate, the property of the testator is directed to be delivered to the devisee. The use of the words “ at,” “after” and “upon” the death of a certain person, . and like words, do not make a contingency, but merely indicate when the remainder shall take effect in possession—the commencement of the enjoyment of the estate, and, in the mean time, it is a vested estate (Livingston v. Greene, 52 N. Y. 118). In Ackerman v. Gorton (67 N. Y. 63) the testator devised to his wife for life, “ and from and immediately after her decease,” directed that the property should be divided equally among his children, and it was held, that the children took a vested interest, the enjoyment only .being postponed.
It follows, therefore, that inasmuch as the res trie *265 tion contained in the acts of 1848 and 1860 were not applicable to this corporation until 1865, and as the testamentary bequest was vested in the corporation in November, 1863, it had a right to take at that time, and such right and the vested interest then acquired, were not affected by the subsequent amendments to its charter.

 L. 1848, c. 319, § 6.

 L. 1860, .c. 860.