### In re CROSSMAN'S EX'R.

(*Supreme Court, General Term, Second Department.* May 14, 1888.)

1. WILLS—CONSTRUCTION—NATURE OF ESTATE—WHEN INTEREST VESTS.

A testator provided in his will that the income of a certain fund should be applied to the use of his wife during life. At her death the fund should be paid to H. if he were then 28 years of age; if not, the executor should keep the fund invested till H. reached that age, applying the interest and income to his use; and, when he reached that age, the principal and accumulated interest, if any, should be paid to him; but if said H. should die before that age, without lawful issue, the sum should

be divided, etc. H. died after he became 28, leaving no children, but the widow survived him. *Held*, that H., when he became 28 years of age, took a vested ownership in the fund, subject to the widow's rights for life.

2. SAME—CONSTRUCTION—CONTINGENT REMAINDER—RIGHT TO PROFITS.

In such case, another clause of the will giving the residue of the estate, principal and interest, to said H. when 28 years of age, and a large amount of interest having accumulated when he became of that age, said H. is entitled to all such accumulations, under 1 Rev. St. N. Y. 726, providing that in such case "such rents and profits shall belong to the person presumptively entitled to the next eventual estate."

Appeal from surrogate's court; ABRAHAM LOTT, surrogate.

This is an appeal from certain portions of a decree of the surrogate of King's county, judicially settling the account of Caroline E. Crossman and Samuel Burhaus as surviving executors of Henry Crossman, deceased. Appeal from the decree was taken by William H. Crossman, George W. Crossman, Jane A. Jackson, Harriet A. Hartman, Elizabath R. Westphal, Jane T. MacCarthy, and Henry C. Barnet. 1 Rev. St. N Y. 726, provides that "when, in consequence of a valid limitation of an expectant estate, there shall be a suspension of the power of alienation or of the ownership, during the continuance of which the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the person presumptively entitled to the next eventual estate.

Argued before BARNARD, P. J., and PRATT, J.

*Harold Vernon*, for appellants W H. and G. W. Crossman, Jane A. Jackson, and Harriet A. Hartman. *Daily & Bell*, for appellant Elizabeth R. Westphal. *James A. Hudson*, for appellant Jane F. MacCarthy. *James R. Steers, Jr.*, for respondents.

BARNARD, P. J. The testator, by the third clause of his will, provided for a fund for the support and maintenance of his wife. The amount which he directed by this clause to be set apart for the purpose was the sum of $100,-000. It was to be kept invested by the executor, and the income thereof was directed to be applied to the use of his wife during her natural life. The clause then provided as follows: "And that, from and after her death, they pay over the said sum of one hundred thousand dollars to her adopted son, Henry C. Crossman, if he shall then have arrived at the age of twenty-eight years; but if, at the decease of my wife, he shall not have arrived at the age of twenty-eight years, then my executors are directed to keep the same invested until he shall have arrived at that age, and that they apply the interest or income to his use; and on his arrival at the age of twenty-eight years the said principal and accumulated interest, if any, is to be paid to him; but if my said adopted son shall die before he arrives at the age of twenty-eight years, and not leaving lawful issue him surviving, then the said sum of $100,000 shall be divided as follows." Then follows a bequest over to other parties. Henry C. Crossman died after he became 28, and left no children, and the widow is still living.

The question is, therefore, under this clause, whether Henry C. Crossman took a vested ownership in the fund, subject to his mother's rights for life, when he became 28 years old. The words of the bequest only postpone the time of taking possession. "'At and after,' and 'from,' and 'from and after' the death of a person to whom a life-estate is given in lands have, by a long and uniform course of authority, been so construed." *Livingston* v. *Greene*, 52 N. Y. 118. An examination of the cases cited by the court, and by the respondent in his points, will settle this conclusively. *Ackerman* v. *Gorton*, 67 N. Y. 63, holds to the same construction of similar words. The estate is vested by the words of the Revised Statutes, (Rev. St. 672;) because, after Henry C. Crossman became 28, he could at once enter into the estate on the death of his mother. The rule is the same as to future interests in personal property. 1 Rev. St. 727. This construction accords with the manifest in-

tention of the testator. By the seventh clause of the will, all the "rest, resi-due, and remainder of my estate" is given by the testator to Henry C. Cross-man "when he shall have arrived at the age of twenty-eight years." The vesting of the remainder of the trust fund in Henry C. Crossman seems to be called for, not only by the uniform meaning attached to the words used, but also because the will conveys that intent, taken as an entire instrument. The third clause does not present a case like those cited to destroy the vesting of the legacy. The gift is not alone contained in the direction to pay at a future time. The words used indicate an absolute gift, with the time of payment only postponed. In *Smith* v. *Edwards*, 88 N. Y. 92, the facts presented do not seem to apply to this case. The question was whether a clause in a will offended against the statute as to perpetuities, and the question of a vested remainder incidentally arising. The clause of the will in no sense resembles the third clause of that will. In *Delafield* v. *Shipman*, 103 N. Y 463, 9 N. E. Rep. 184, the words were, after the life-estate ceased, to divide the estate "among testator's children then living." The court held that there was no vesting in the remainder, because the event determined who were to be the beneficiaries. In *Hobson* v. *Hale*, 95 N. Y. 588, the direction in the will was to hold the entire estate until the death of the last of 12 annuitants, and then to divide the same equally "among my grandchildren." This was held not to vest in the remainder-men designated, and to be against the statute in re-spect to accumulation of interest; that, by the peculiar words of the clause, the vesting was postponed until the death of the last annuitant. We think, therefore, that the decree was right in holding a vested estate to exist in Henry C. Crossman at his arrival at the age of 28 years.

There is also another question presented by the facts stated. The seventh clause gave the residue of the estate, principal and interest, to Henry C. Cross-man when 28. Before that date only an annuity was given him. There was a large accumulation of interest when he became of the age named in the will. The residuary clause carried with it all the sums of money not legally given by the will. *Floyd* v. *Carow*, 88 N. Y. 560. The interest on the fund belongs to the next eventual estate, and that was in Henry C. Crossman. 1 Rev. St. 726. We think, therefore, that the decree should be affirmed, with costs.

PRATT, J., concurs.