ANNETTE C. HERSEE and CARRIE H. COIT, Respondents, v.
Louis W. SIMPSON, Appellant.

1. WILL — REMAINDER.  A remainder is not to be considered as con-
tingent in any case where, consistently with the intention of the testator,
it may be construed as being vested.

2. "FROM AND AFTER."  The words "from and after," in a testamen-
tary gift of a remainder, following a life estate, do not make the remain-
der contingent and prevent its being construed as vested, where there is
nothing else on the face of the will tending to show that the vesting of
the remainder was postponed or intended to be postponed beyond the
death of the testator.

3. WILL CONSTRUED — VESTED REMAINDER.  The will of a testator
who left a wife and children surviving devised a life estate in his real
property to his wife and provided that, "from and after her decease," the
property should be disposed of according to the statutes governing the
descent of real property.  *Held*, that the heirs of the testator upon his
death took a vested remainder in his real property.

*Hersee* v. *Simpson*, 20 App. Div. 100, affirmed.

(Submitted December 10, 1897; decided December 17, 1897.)

APPEAL from a judgment of the Appellate Division of the
Supreme Court in the fourth judicial department, entered
November 18, 1897, in favor of plaintiffs upon a submission
of controversy.

The controversy in this case was submitted to the Appellate
Division in the fourth department upon admitted facts.  The
submission was in pursuance of the provisions of article 2 of
title 2, chapter XI of the Code of Civil Procedure, which
includes sections 1279 to 1281.  The facts upon which the
questions in this case arise are fully set forth in the case agreed
upon.

On the twentieth of February, 1897, the plaintiffs and
defendant entered into an agreement for the sale and purchase
of certain property situated in the city of Buffalo, N. Y., the
former agreeing to convey to the latter a good and market-
able title to the premises described.  The consideration was
$9,900, one hundred dollars of which was to be paid at the
signing and delivery of the contract, and $4,800 in cash and a

bond and mortgage for $5,000 to be paid and delivered at the time of the delivery of the deed. This contract was made by Annette C. Hersee, widow of Thompson Hersee, deceased, and as executrix of his last will and testament, and by Carrie H. Coit, as his sole heir at law and legatee.

Subsequently, the plaintiffs made and properly executed a warranty deed to the defendant of the premises described in the contract. The form and manner of its execution were in all respects satisfactory. The deed was then tendered to the defendant, and the plaintiffs demanded that he fulfill the contract, which he refused to do upon the ground that the plaintiffs could not give a good and valid title to the property. The plaintiffs' title depends upon the provisions of the will of their testator, and it was upon the ground that they did not take a valid title to the property under it that the defendant based his refusal to accept the deed.

By the first provision of his will, the testator gave to a grandchild the sum of ten thousand dollars upon the express condition that she lived to the age of twenty-one years, and if she did not, then the bequest was to become wholly inoperative. The grandchild named died in infancy, unmarried, and without issue before the death of the testator. The only provision of the will which has any bearing upon the question involved in this case is as follows : " *Second.* All the rest, residue and remainder of my estate, real and personal, of every name and nature (subject to the contingent payment of the above legacy), I bequeath and devise to my wife, Annette C. Hersee, to have, hold and enjoy the same with the rents, issues and profits thereof during the term of her natural life, and from and after her decease my will is that all of my said property be disposed of according to the statutes of the state of New York governing the descent of real property and the distribution of personal estates." By the third clause his wife was appointed sole executrix of his will, which was duly admitted to probate December 9, 1884, as a will valid to pass real and personal property, and letters testamentary were duly issued to the executrix named.

63

The contention of the defendant is that a deed from the plaintiffs would not convey the fee of the premises for the reason that by the testator's will his widow acquired a life estate in the property, and as, by its terms, the real property was to be disposed of from and after her death according to the laws of the state of New York governing the descent of real property, until that event happens the persons entitled to take the remainder cannot be ascertained, and that, although if Carrie survives her mother, she will take the whole of the property, yet at present she has only a contingent remainder in the premises, and, therefore, a conveyance by them would not give a good or marketable title.

The learned Appellate Division held that the heirs of the decedent took a vested remainder in his real estate at the time of his death, and that the whole title was in the plaintiffs when the contract between them and the defendant was made. That the decedent was the owner of the property in question, and that the defendant would obtain a good title under the deed tendered, provided the heirs at law of the testator took a vested remainder in his real estate at the time of his death, are not denied or questioned by either party. So that the single question to be determined upon this appeal is whether the testator's only daughter and heir at law has a vested remainder in his real estate.

The testator died in December, 1884, seized of the property in question. He left surviving his widow, Annette C. Hersee, a son of full age, William M. Hersee, and a daughter of full age, Carrie H. Coit, and no other issue or lineal descendants. William died in September, 1891, unmarried, without issue and intestate.

*Fred W. Ely* for appellant. The individuals forming the class that will take under testator's will, cannot be determined until the time that the estate is to be divided, and that time has not yet arrived. (*Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125; *Stevenson* v. *Lesley*, 70 N. Y. 512; *Teed* v. *Morton*, 60 N. Y. 506; *In re Baer*, 147 N. Y. 348; *Delaney* v. *McCor-*

*mack*, 88 N. Y. 174 ; *Clark* v. *Cammann*, 14 App. Div. 127 ; *Delafield* v. *Shipman*, 103 N. Y. 463 ; *In re Allen*, 151 N. Y. 243.)

*Tracy C. Becker* for respondents. The law favors the immediate vesting of estates. (2 R. S. [9th ed.] 1790, § 3 ; *Sheridan* v. *House*, 4 Keyes, 569 ; *Moore* v. *Lyons*, 25 Wend. 144 ; *Manice* v. *Manice*, 43 N. Y. 368 ; *Gilman* v. *Redding-ton*, 24 N. Y. 9 ; *Byrnes* v. *Stilwell*, 103 N. Y. 460 ; *Scott* v. *Guernsey*, 48 N. Y. 106 ; *Traver* v. *Schell*, 20 N. Y. 89 ; *Everitt* v. *Everitt*, 29 N. Y. 39 ; *Loder* v. *Hatfield*, 4 Hun, 36 ; 71 N. Y. 92 ; *Livingston* v. *Greene*, 52 N. Y. 118 ; *Moore* v. *Littel*, 41 N. Y. 85 ; *Embury* v. *Sheldon*, 68 N. Y. 227.) Time is not attached to the substance of the gift, nor is the gift founded upon a direction to divide at a future time. (*Nelson* v. *Russell*, 135 N. Y. 137 ; *Letchworth's Appeal*, 30 Penn. St. 175 ; *Williams* v. *Freeman*, 98 N. Y. 577 ; *In re Mahan*, 98 N. Y. 372 ; *Livingston* v. *Greene*, 52 N. Y. 118 ; *Moore* v. *Lyons*, 25 Wend. 144.) The intention of the testator must govern the construction of his will. (*Bowditch* v. *Ayrault*, 138 N. Y. 222 ; *Embury* v. *Sheldon*, 68 N. Y. 236 ; *Weston* v. *Goodrich*, 12 App. Div. 250 ; *Van Nostrand* v. *Marvin*, 16 App. Div. 28 ; *Loder* v. *Hatfield*, 71 N. Y. 92 ; *Coit* v. *Rolston*, 44 Hun, 548 ; *In re Young*, 145 N. Y. 535 ; *In re Seaman*, 147 N. Y. 69 ; *Bushnell* v. *Carpenter*, 92 N. Y. 273.) The will must be construed by the application of legal rules to the language of the testator, but the intention of the testator must prevail, and the will must be construed with reference to that inten-tion, so far as such construction does not violate legal princi-ples. (*Campbell* v. *Stokes*, 142 N. Y. 23 ; *Bowditch* v. *Ayrault*, 138 N. Y. 222 ; *In re Young*, 145 N. Y. 538 ; *Loder* v. *Hatfield*, 71 N. Y. 92 ; *In re Seaman*, 147 N. Y. 69 ; *Coit* v. *Rolston*, 44 Hun, 548 ; *Smith* v. *Edwards*, 88 N. Y. 105.) The vested remainder in the estate of Thompson Hersee, deceased, belonging to William M. Hersee, the testa-tor's son, upon said William M. Hersee's death, intestate,

unmarried and without issue, passed to and vested in his sister, Carrie H. Coit. (2 R. S. [9th ed.] 1825, § 6.) The joining of Annette C. Hersee, as devisee under the will of Thompson Hersee, deceased, and Carrie H. Coit, as sole surviving heir at law of Thompson Hersee, deceased, as guarantors in a warranty deed, conveys a good, valid and marketable title to the real estate of which the said Thompson Hersee died seized, which the defendant is bound to accept. (2 R. S. 1790, § 11; *Embury* v. *Sheldon*, 68 N. Y. 237; *Manice* v. *Manice*, 43 N. Y. 370.)

MARTIN, J. In determining the question involved, the inquiry is presented whether the testator intended to confer upon his widow a life estate in all his property with a vested remainder in those who should be his heirs at the time of his death, or whether his intent was to postpone the vesting of the remainder until the death of the life tenant. As bearing upon this question, it is to be observed that the testator created no trust by his will. He devised a life estate in his real property to his wife, and provided that, from and after her decease, the property should be disposed of according to the laws of the state of New York governing the descent of real property. Thus the question is narrowed to this: Were the words "from and after" her death sufficient to limit to a contingent remainder the estate which was devised to his heirs. Obviously, the question is the same as if the testator had, in express terms, devised his property to his wife for life, and from and after her death to his heirs. Indeed, that is the substance and effect of the provision in the testator's will.

The rule is well settled in this state that a remainder is not to be considered as contingent in any case where, consistently with the intention of the testator, it may be construed as being vested. Words or phrases denoting time, such as when, then, and "from and after," in a devise of a remainder, limited upon a particular estate determinable on an event which must necessarily happen, are construed to relate merely to the time of the enjoyment of the estate, and not to the

time of its vesting. This is especially so in the construction of devises of real estate. (*Moore* v. *Lyons*, 25 Wend. 119, 144; *Sheridan* v. *House*, 4 Keyes, 569; *Livingston* v. *Greene*, 52 N. Y. 118, 123; *Ackerman* v. *Gorton*, 67 N. Y. 63, 66; *Nelson* v. *Russell*, 135 N. Y. 137.) Many other cases might be cited where this doctrine has been held, but we have deemed it necessary to refer only to such as are in all their essential particulars like the present case. In *Moore* v. *Lyons* there was a devise of real estate to one for life, and " from and after " his death to three others, and it was held that the remaindermen took a vested interest at the death of the testator. In the *Sheridan* case there was a grant of lands for life to one, and after his decease to his heirs, and there it was determined that his heirs took a vested estate. In the *Livingston* case the testator gave his wife a life estate in his real property, and then devised to his children all his real estate " from and after " the death of his wife, which it was held created a remainder in the children which vested at the death of the testator. In the *Ackerman* case the testator devised certain real estate to his wife to be enjoyed by her during life, and " from and immediately after her decease " to be divided among his children, and again this court held that upon the death of the testator his children took a vested remainder in the lands so devised. In *Nelson* v. *Russell* it was held that the words " from and after " in a testamentary gift of a remainder, following a life estate, were insufficient to justify the conclusion that the remainder was contingent and not vested, and that unless their meaning was enlarged by the context they were to be regarded as defining the time of the enjoyment simply, and not the vesting of title, that the presumption was that the testator intended that his disposition should take effect in enjoyment or interest at the date of his death and upon the happening of that event, unless the language of the will, by fair construction, made his gifts contingent, they would be regarded as vested.

The principle of these cases is entirely decisive of the question involved in this case. There is nothing upon the face of

the will, aside from the words " from and after," which in any way tends to sustain or give color to the construction that the vesting of the remainder was postponed or intended to be postponed beyond the death of the testator.

Moreover, the general policy of the law favors a construction which includes the vesting of estates and consequent certainty in respect to the title to property, and which prevents the disinheritance of the issue of a remainderman who may die during the existence of the precedent estate. This principle is based upon the idea that, in the absence of express words, it cannot be supposed that such was the intent. In the case at bar, the testator gave all his residuary estate to his wife for life, and " from and after " her death to those who would inherit it under the statutes governing the descent of real property. When we apply to this provision the rule stated, it becomes manifest that his heirs upon his death took a vested remainder in all his real property.

The learned counsel for the appellant has called our attention to several cases which are claimed to be in conflict with this conclusion. An examination of them, however, discloses that the questions involved in this case were not presented in the cases to which he refers, or that the facts and provisions of the will in those cases were so variant as to render them of no especial value as authorities upon the question before us. We deem it unnecessary to discuss or examine in detail the cases cited, or to point out the clear distinction which exists between them and the case under consideration, as it would serve no good purpose.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.