(79 Misc. Rep. 69.)

### In re EATON'S ESTATE.

(Surrogate's Court, Albany County. January, 1913.)

TAXATION (§ 873*)—TRANSFER TAX—PROPERTY SUBJECT.

Where testator devised a residuary estate to his legal heirs at the death of the life tenant, and the interest of one of said legal heirs, a brother of testator, is appraised at less than $5,000, it is exempt from a transfer tax, as is also the interest of nephews and a niece of testator, whose shares are less than $1,000 each.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1689; Dec. Dig. § 873.*]

In the matter of the appraisal of the estate of Joel W. Eaton. From an assessment of the transfer tax, Helen F. Jerome appeals. Reversed.

Mills & Mills, of Albany (Borden H. Mills, of Albany, of counsel), for appellant.

John F. Brady, of Albany, for state comptroller.

VAN DERZEE, S. The controversy in this case rests upon the construction of this testamentary disposition:

"Fourth. I hereby give, devise and bequeath to said Helen F. Jerome the use and benefit of all the rest and residue of my estate, both real and personal, so long as she shall live, and at her death I give, devise and bequeath said rest and residue to my legal heirs, in such manner and proportions as the laws of the state of New York shall direct."

The transfer tax appraiser interprets this clause as meaning Helen F. Jerome has a life estate in the portion of the estate described in this bequest, and the remainder is now uncertain because of the language used, and has assessed the tax accordingly.

In determining the issue presented, we must ascertain the purpose of the testator from the entire instrument. It will be observed the testator created no trust by his will. He bequeaths a life estate to Helen F. Jerome, and provides "at her death" the property shall be distributed to the legal heirs according to the laws of the state of New York.

The point of the case is this: Is the remainder devised and bequeathed to the legal heirs of the testator a vested or contingent remainder?

The rule is well settled that a remainder is not in any case to be considered as contingent when it may be vested consistently with the intention of the testator. Words or phrases denoting time in a bequest of a remainder, limited upon a particular estate determinable upon an event which must necessarily happen, are construed to relate merely to the time of the enjoyment of the estate, and not to the time of its vesting. Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890.

In the case cited we have a situation analogous to the one before me. The testator devised a life estate to his wife, and provided that

"from and after her decease" the property should be disposed of according to the statutes governing the descent of real property, and the court said:

"The general policy of the law favors a construction which includes the vesting of estates and consequent certainty in respect to the title to property, and which prevents the disinheritance of the issue of a remainderman who may die during the existence of the precedent estate. This principle is based upon the idea that, in the absence of express words, it cannot be supposed that such was the intent. When we apply to this provision (quoted above) the rule stated, it becomes manifest that his heirs upon his death took a vested remainder."

I am of the opinion the transfer tax appraiser erred in his construction of the bequest in holding that the remainder to the heirs of the testator was contingent and not vested, and it follows the tax imposed upon such interpretation must be set aside. Any other result would defeat the manifest design of the testator.

The residuary estate having been found to amount to $9,312.50, Homer E. Eaton, a brother of the testator, has a vested remainder of the value of $4,656.25, and this is exempt from taxation. The other beneficiaries of the remainder are nephews and niece of the testator, and, as the share of each is $931.25, they also are in the exempt class.

Decreed accordingly.