### In re RAND'S ESTATE.

#### (Surrogate's Court, New York County. March 29, 1916.)

WILLS ⊚➡634(7)—ESTATES CREATED—VESTED REMAINDER.

Where testator's will provided that he devised the residue of his estate to his executors as trustees, to divide in 24 equal parts, and to receive the rents of 6 of such parts, and pay over the same to his sister for life, directing that, at her death, such six twenty-fourths be divided in equal shares, one to become the property of the testator's brother's children, the other share to become the property of another brother, such other brother took a vested remainder in three twenty-fourths of testator's residuary estate, so that, though he predeceased his sister, his heirs were entitled to his share, since the law favors the vesting of estates, not favoring a construction that will result in intestacy, while a direction for division of an estate after termination of a life estate does not prevent vesting, but merely shows an intention to defer the enjoyment of the estate until the happening of the event upon which the life estate is limited.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 1495; Dec. Dig. ⊚➡634(7).]

In the matter of the estate of Addison C. Rand. Petition of the Farmers' Loan & Trust Company, successor trustee, for a construction of a paragraph of testator's will.

MacFarlane & Monroe, of New York City, for Florence Rand Lang.
Geller Rolston & Horan, of New York City, for Farmers' Loan & Trust Co.
Girard B. Van Wart, of Brooklyn, for Harry R. Rand.
Charles M. Bleecker, of New York City, special guardian.

⊚➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

FOWLER, S. The Farmers' Loan & Trust Company, as successor trustee, has filed its account and asks for a construction of the following paragraph of testator's will:

"All the rest, residue and remainder of my estate I give, devise and bequeath to my executors as trustees to divide in twenty-four equal parts and to receive the rents, income and profits of six of said equal parts and to pay over the same to my sister Nellie, wife of Joel Goldthwaite, for and during the period of her natural life. At her death I direct that such six twenty-fourths be divided into equal shares or parts, one part to be and become the property of the children of my brother Albert T. Rand, the other share or part to be and to become the property of my brother Jasper R. Rand."

The disputed question of construction relates to the share given to Jasper R. Rand. Nellie Goldthwaite, the life tenant, died in October, 1907. Jasper R. Rand died in July, 1900. Some of the heirs at law and next of kin of the testator contend that one-half of the remainder after the life estate of Nellie Goldthwaite, which is given by the testator to Jasper R. Rand, was contingent, and that as Jasper R. Rand died prior to the termination of the life estate, and there is no provision in the will for the disposition of the remainder in that contingency, it passed to the testator's next of kin under the intestate laws.

It does not seem to me that this contention is supported either by the language of the will, or the authorities construing wills which contained practically similar clauses. The law favors the vesting of estates; it does not favor a construction that will result in intestacy. Those who contend for a construction that would make the remainder to Jasper contingent rely upon the words of the will which provide for a division of the estate after the termination of the life estate. But it has been held that such a direction will not in itself prevent the vesting of the estate, and that it merely shows an intent to defer the enjoyment of the estate until the happening of the event upon which the life estate is limited. Ackerman v. Gorton, 67 N. Y. 63; Hersee v. Simpson, 154 N. Y. 496, 48 N. E. 890; Connelly v. O'Brien, 166 N. Y. 406, 60 N. E. 20.

I therefore hold that Jasper R. Rand took a vested remainder in three twenty-fourths of testator's residuary estate. Costs taxed. Complete decree by inserting appropriate amounts.