cient to defeat probate. The instrument was written by the testatrix and evidently expresses her free desires in regard to the disposition of her property, which is said to be worth about $250,000. But as long as wills continue to be executed under the supervision of notaries public, who presume to take the place of lawyers, and as long as those who execute wills under such conditions continue to practice such questionable economy, probate courts will be constrained to reject many of such instruments. The paper propounded must be refused probate.

Probate refused.

(86 Misc. Rep. 144)

## In re FAGAN.

### (Surrogate's Court, Westchester County.   June, 1914.)

1. EXECUTORS AND ADMINISTRATORS (§ 364*)—SALE OF PROPERTY—DISTRIBUTION OF PROCEEDS.

    A will gave one-third of testator's property to his son, one-third to his daughter, and the remaining one-third to his granddaughters. The granddaughters, by quitclaim deed, conveyed their interest to the son. Subsequently the executor sold the realty to the son pursuant to a power of sale contained in the will, and permitted him to deduct from the purchase price, the distributive share belonging to the granddaughters. *Held*, that the executor should not have permitted such deduction, but should have demanded the full purchase price and compelled the son to present his claim so that the Surrogate's Court, in the exercise of the jurisdiction conferred on it by Code Civ. Proc. § 2472a, could determine whether the quitclaim deed constituted an assignment of the fund, and determine to whom the granddaughters' shares should be paid.

    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1495–1497; Dec. Dig. § 364.*]

2. WILLS (§ 740*)—CONVEYANCES BETWEEN DEVISEES—QUITCLAIM DEED—INTEREST IN ESTATE.

    Where a will gave two-thirds of testator's estate to his son and daughter in equal shares and one-third to his grandchildren, a quitclaim deed from the grandchildren to the son could convey no title to their interest, except such as might be defeated by a sale under the power given the executor by the will.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1888–1895; Dec. Dig. § 740.*]

3. WILLS (§ 740*)—CONSTRUCTION—INTENT.

    Where testator bequeathed two-thirds of his estate to his son and daughter and one-third to his grandchildren, by a will vesting the executor with a power of sale, and where the grandchildren conveyed their interest to the son by a quitclaim deed, the question whether such deed acted as an assignment of the share of the granddaughters in the fund derived from a sale of the realty by the executor depended on the intent of the parties.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1888–1895; Dec. Dig. § 740.*]

In the matter of the judicial settlement of the account of Benjamin Fagan, as executor of the last will and testament of John Hyland, deceased. Decreed according to opinion.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Milton C. Palmer, of Ossining, for executor.
Condit & Hite, of White Plains (Wm. R. Condit, of White Plains, of counsel), for contestants.

SAWYER, S. [1] John Hyland died leaving a last will and testament which was duly admitted to probate by the surrogate of the county of Westchester. By said will he devises and bequeaths one-third of his property to his son, John T. Hyland, one-third to his daughter, Catharine E. Hyland (now Johnson), and the remaining one-third to his granddaughters, Mary E. Hyland and Susan L. Hyland, children of Henry or William Henry Hyland, deceased. The executor, under the will of said testator, was given a valid power of sale of the real estate. Pursuant to said power and on or about the 12th day of August, 1913, the said executor sold the real estate of the testator for the sum of $4,200 to John T. Hyland. Schedule E of the accounting shows that the executor charged himself with the payment of $350 to each of the granddaughters, Mary E. Hyland and Susan L. Hyland, as and for their distributive share of the real estate sold pursuant to the power of sale under the will of said testator. The two granddaughters claim that they have never been paid this sum by the executor. The executor does not dispute this, but claims that prior to the sale by him of the premises in question the two granddaughters conveyed whatever interest they had in the property to John T. Hyland, by a quitclaim deed dated January 7, 1913, and recorded January 9, 1913, in the office of the register of the county of Westchester in Liber 2009 of Conveyances, at page 387, and that at the time when he consummated the sale with said John T. Hyland of the premises in question he allowed him to deduct from the purchase price the said sum of $700, this being the distributive share belonging to the two granddaughters or their successors in interest. This the executor had no power to do. He should have demanded the full purchase price for the sale of the premises from John T. Hyland and distributed the same in accordance with the decree.

[2] The granddaughters could convey no absolute title to their interest except such as might be, and eventually was, defeated by the sale under the power given the executor in the will of the deceased. Matter of Bedell, 67 Misc. Rep. 24, 124 N. Y. Supp. 430. See, also, Real Prop. Law (Consol. Laws, c. 50) § 97.

What the executor should have done was this: He should have compelled John T. Hyland to present whatever claim he had to him as executor, and then this court would have had jurisdiction to determine whether or not said quitclaim deed acted as an assignment of the fund and to determine to whom should be paid the legacy or distributive share in question. This jurisdiction is expressly given to the Surrogate's Court by section 2472a of the Code of Civil Procedure. As the matter now stands, John T. Hyland is not before the court and the surrogate has no jurisdiction to compel him to pay over the balance of the purchase price to the executor.

[3] The quitclaim deed in question, given to John T. Hyland by the two granddaughters, may or may not have acted as an assignment of the fund or interest in question. This point can only be decided by

determining the question of the intent of the parties. Matter of Opening Hamilton Street, 144 App. Div. 702, 129 N. Y. Supp. 317; Simms v. City of Brooklyn, 87 Hun, 35, 33 N. Y. Supp. 859. If the question as to whether or not the quitclaim deed acted as an assignment had been properly presented to the Surrogate's Court, the surrogate undoubtedly would have had the authority to try the same under section 2472a of the Code. As the question to have been determined would have been a question of fact either party could have demanded a trial by jury, and the surrogate in that case would have been compelled to order such trial, if the same had been seasonably demanded. Code Civ. Pro. § 2472a.

If John T. Hyland would voluntarily pay over the balance of the purchase price to the executor and file his claim as suggested, then the matter could be determined by the surrogate agreeable to the provisions of the section above cited.

The decree should charge the executor with the $700, which represents the distributive share or legacy of the granddaughters of the testator, which was realized from the sale of the real property.

If the executor had insisted on receiving the balance of the purchase price from the sale of the property and had compelled the purchaser at the sale to file his claim with him so that the matter could have been determined by the surrogate, then he could have waited until the decree settling the matter had been made by the Surrogate's Court, and he would have been fully protected in every way. This he did not do. The executor's remedy now is against the purchaser of the real property, John T. Hyland. If such an action is commenced by him within a reasonable time the entering of a decree in this accounting will be postponed until the final determination of such action.

Decreed accordingly.