In re FAGAN.

(Supreme Court, Appellate Division, Second Department.    February 5, 1915.)

1. EXECUTORS AND ADMINISTRATORS (§ 138*)—SALE OF LAND UNDER POWER—
ELECTION OF DEVISEES—EFFECT.
 Where respondents, devisees of an undivided interest in land subject to
a power of sale in the executor, conveyed to their uncle, also a devisee of
an undivided interest, the conveyance was subject to the power of sale,
which was not affected thereby, since respondents could not elect to take
the land and discharge the power without consent of the other devisee.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 560–566, 568–575; Dec. Dig. § 138.*]

2. EXECUTORS AND ADMINISTRATORS (§ 146*)—SALE OF LAND UNDER POWER—
PURCHASE BY DEVISEE—MODE OF PAYMENT.
 Where devisees, each of an undivided interest in land, conveyed it to
their uncle, also a devisee of an undivided interest, and the executor, act-
ing under power, sold the land to the uncle for division of proceeds among
all the devisees, the right to the land conveyed by respondents attached
to its proceeds, and the uncle became entitled thereto, and the executor
was justified in relying on the recorded deed showing the conveyance,
and in crediting the uncle on the price with his one-third share as a dev-
isee of the proceeds of sale and $700 representing respondents' share.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 588–590; Dec. Dig. § 146.*]

3. EXECUTORS AND ADMINISTRATORS (§ 143*)—SALE OF LAND UNDER POWER—
FRAUD BETWEEN DEVISEES AS AFFECTING EXECUTOR.
 Where respondents, both intelligent adults, conveyed their undivided
interests in devised land to their uncle, also a devisee of an undivided in-
terest, as against the executor, selling to the uncle, they will not be heard
to allege fraud, or to deny the transfer, to surcharge the executor with
their own share in the proceeds of the land on sale allowed by him to
the purchasing uncle as a credit on the purchase price.

[Ed. Note.—For other cases, see Executors and Administrators, Cent.
Dig. §§ 557, 578; Dec. Dig. § 143.*]

Appeal from Surrogate's Court, Westchester County.

Judicial settlement of the accounts of Benjamin Fagan as executor
of John Hyland, deceased, to which Mary E. Hyland and another filed
objections.  From a decree (86 Misc. Rep. 144, 149 N. Y. Supp. 217)
surcharging him and opening and correcting his account, the executor
appeals.    Reversed in part, and affirmed in part.

Argued before JENKS, P. J., and BURR, THOMAS, STAPLE-
TON, and RICH, JJ.

Milton C. Palmer, of Ossining, for appellant.
William R. Condit, of White Plains, for respondents.

THOMAS, J.  The respondents, under the will of their grandfather,
each owned one-twelfth interest in land subject to a power of sale
given to the executor.  The respondents by quitclaim deed conveyed
their interest in the land to their uncle, who was a devisee of one-
third thereof.  Later the executor sold at auction the land for the
purposes of division amongst the devisees, and the uncle bought it.
Upon closing, the executor allowed the purchaser, upon the price, his

interest in the devise and also $700, which would have been payable to the respondents, had they not made the conveyance of their interest in the land. Upon accounting, the executor was surcharged with such $700.

[1-3] The respondents were enabled to convey subject to the execution of the power of sale, which was not affected by the alienation, as the respondents, without the concurrence of the other devisees, could not elect to take the land and so discharge the power of sale. Mellen v. Mellen, 139 N. Y. 210, 34 N. E. 925. After the execution of the power, the title to the land conveyed by respondents was transferred to the proceeds of sale (Mellen v. Mellen, supra), and the grantee was entitled to the same (Reed v. Underhill, 12 Barb. 113; Matter of Bedell, 67 Misc. Rep. 24, 124 N. Y. Supp. 430). The power was to sell and to divide the proceeds, and the executor was justified in relying upon the recorded deed showing conveyance of the interests to the purchaser. The testimony shows that the respondents, after reading the deeds, executed them to enable their uncle to purchase the land. He may have betrayed their confidence, but the respondents, both adults and intelligent, should not be permitted, as against the executor, to deny the facts of transfer. There is no allegation of fraud in their application to the court, or finding thereof. What, if any, remedy they may have against their uncle, is quite another question, and one that is foreign to this litigation.

The decree, so far as it surcharges the executor, should be reversed; but, so far as it opens and corrects the account concerning the payment to the respondents, it should be affirmed, without costs.

Decree of the Surrogate's Court of Westchester County reversed, in so far as it surcharges the executor; but, in so far as it opens and corrects the account concerning the payment to the respondents, affirmed, without costs. Settle order before Mr. Justice THOMAS.

JENKS, P. J., and STAPLETON and RICH, JJ., concur. BURR, J., not voting.