The New York Central Railroad Company, Appellant, *v.* The First National Bank of the Thousand Islands, Respondent.

**Will — division of testator's estate into shares for wife and two sons in proportions and manner provided by intestate laws of state — construction thereof — power of executors to sell decedent's real estate with consent of his widow — sale under such power divests interests of the sons therein — when judgment is obtained against sons before sale but sale had before execution issued, the grantee of executors may maintain action to restrain sale under subsequent execution.**

1. Where testator, after making certain specific bequests, gave the residue and remainder of his estate to his wife and two sons in the shares and proportions and in the manner provided by the laws of the state of New York for distribution of estates of intestates, " said share of my wife to be accepted and received by her in lieu of dower and thirds in my estate," and also directed his executors, his two sons, to sell and convey any land owned by him at the time of his

death in case both of his sons and his wife should agree to such sale, the testator evidently wanted to make a provision for his widow equal to the provision made for each of his sons, not only in his personal, but in his real property, and it follows, therefore, that at the time of the death of the testator the widow and the two sons each took an individual one-third vested interest in the real estate.

2. Where defendant, several years after testator's death, but before the division or sale of his real estate, obtained a judgment in the Supreme Court against the two sons which was docketed in the clerk's office in the county in which the property is situated, the judgment became a lien upon the title to an undivided two-thirds of the real estate which had vested in the sons, which interest, however, was subject to be divested by the execution of the power of sale given to the executors, with the consent of the widow.

3. Where the executors of testator and his widow thereafter, but before any execution had been issued upon the judgment against testator's sons, sold part of the land owned by testator to plaintiff, which had the deed recorded and immediately went into and since has continued in possession of the premises conveyed to it, and the defendant thereafter issued an execution, upon its judgment against testator's sons, to the sheriff of the county who levied upon and advertised for sale the real estate conveyed to the plaintiff, the latter can maintain an action to enjoin the sheriff from selling and also to have it adjudged that the defendant had no claim, right, title or interest in such real estate by virtue of its judgment; since, upon the execution of the power of sale in testator's will the lien of the judgment upon the real estate was extinguished. A sale, therefore, made under an execution issued upon the judgment would convey no title whatever to the land sold, and the plaintiff, as the owner of the real estate, had the right, since the contemplated sale might cast a cloud upon its title, or possibly interfere with its peaceful possession of the land, to maintain this action.

*N. Y. C. R. R. Co.* v. *First National Bank*, 193 App. Div. 926, reversed.

(Submitted December 14, 1921; decided January 10, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered August 14, 1920, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

*Henry Purcell* for appellant.   The power to sell contained in the will of William Roberts upon a contingency which · occurred, was directory; hence the deed made by his executors and his widow to the plaintiff conveyed a title free from the lien of the defendant's judgment upon the shares of his sons, Charles and George. (*McReady* v. *Met. L. Ins. Co.,* 83 Hun, 526; 148 N. Y. 761; *Walter* v. *Tompkins,* 71 App. Div. 21; *Van Cott* v. *Van Cott,* 177 App. Div. 694; *Comrie* v. *Kleman,* 162 App. Div. 510; 222 N. Y. 558; *Sayles* v. *Best,* 140 N. Y. 368; *Rankine* v. *Metzger,* 69 App. Div. 264; 174 N. Y. 540; *Matter of Lewis,* 79 Misc. Rep. 661; *Matter of Bampfield,* 88 Misc. Rep. 463; *Crittenden* v. *Fairchild,* 41 N. Y. 289; *Kinner* v. *Rogers,* 42 N. Y. 531.)

*A. Raymond Cornwall* for respondent.   A mere discretionary power of selling expressed in a will is not sufficient to constitute an equitable conversion of real estate into personalty.   Such power must create a duty and obligation to sell and be imperative to work a conversion.   (*White* v. *Howard,* 46 N. Y. 142; *Newell* v. *Nichols,* 75 N. Y. 78; *Harris* v. *Clark,* 7 N. Y. 242; *Gourley* v. *Cantwell,* 66 N. Y. 169; *Chamberlain* v. *Taylor,* 105 N. Y. 185; *Parker* v. *Linden,* 113 N. Y. 28; *Matter of Brigham,* 127 N. Y. 296.)   There was no necessity for the application of any power of sale at all, and, therefore, there is no inference to be drawn that the testator intended this provision of his will to be a power of sale sufficient to work an equitable conversion of all his real estate.   (*Phœnix* v. *Trustees of Columbia College,* 87 App. Div. 438; 179 N. Y. 592; *Thompson* v. *Hart,* 58 App. Div. 439; 169 N. Y. 571; *Scholle* v. *Scholle,* 113 N. Y. 261.)

McLaughlin, J.   On the 4th of November, 1905, William Roberts died, leaving him surviving his widow, Sarepta, two sons, George and Charles, and certain grandchildren.   He left a will in which the two sons were

named as executors. It was admitted to probate and letters testamentary issued to them. After certain specific bequests to the grandchildren and the two sons, the will provided: " 3. All the rest, residue and remainder of my estate, real and personal, I give, devise and bequeath to my wife and two sons in the shares and proportions and in the manner now provided by laws of the State of New York for the distribution of estates of intestates, said share of my wife to be accepted and received by her in lieu of dower and thirds in my estate.

" 4. I direct and authorize my executors hereinafter named to convey any land contracted by me and also to sell and convey any land owned by me at the time of my death in case both of my said sons and my said wife shall agree to such sale. Likewise I appoint my said sons George and Charles executors."

On the 16th of October, 1913, the defendant recovered a judgment for $2,309.26 in the Supreme Court against the two sons, which was docketed on the same day in the clerk's office in the county of Jefferson. On the 6th of January, 1914, the two sons, as executors of the will of their father, and the widow of the testator conveyed to the plaintiff a parcel of land situate in Philadelphia, Jefferson county. The deed was recorded in the clerk's office of that county on the 12th of January following, and the plaintiff immediately went into and since has continued in possession of the premises conveyed. On the 16th of December, 1918, the defendant issued an execution upon the judgment which it had recovered against the two sons in 1913 to the sheriff of Jefferson county, and he levied upon and advertised for sale the real estate conveyed in 1914 to the plaintiff. The plaintiff thereafter brought this action to enjoin the sheriff from selling and also to have it adjudged that the defendant has no claim, right, title or interest in such real estate by virtue of the 1913 judgment. At the conclusion of the trial, all of the facts having been

stipulated, the learned trial justice decided that the plaintiff was not entitled to the relief demanded and dismissed the complaint upon the merits. Upon the decision judgment was entered, from which the plaintiff appealed to the Appellate Division. The judgment was there affirmed, one of the justices dissenting, and an appeal to this court followed.

The question presented by the appeal is whether the judgment procured by the defendant in 1913 against the two sons attached to and became a lien upon their interest in the real estate subsequently sold to the plaintiff.

What the testator intended to accomplish by his will was to give to his widow and two sons an equal, undivided interest, after payment of the specific legacies, in all the rest of his real and personal property. This intent, I think, is fairly to be inferred when the whole will is considered. He makes this bequest to them " in the shares and proportions and in the manner now provided by laws of the State of New York for the distribution of estates of intestates." If these words be literally interpreted, then the widow would take no interest in the real estate, but I cannot believe that was what the testator intended to accomplish. He provides that the gift to the widow, if accepted, is to be in lieu of dower and " thirds in my estate." What he evidently wanted to do was to make a provision for the widow equal to the provision made for each of the sons, not only in his personal, but in his real property. This construction of the will seems to me naturally to follow, and especially by reason of the fact that he provided that a sale of any of the real estate owned by him at the time of his death could be made by his executors only with the consent of the widow. There could have been no possible reason, at least so far as appears by the stipulated facts, if she took no interest in the real estate, to require her consent to a sale.

If this be the correct construction of the clauses of the will quoted, then it follows that at the time of the death

of the testator the widow and the two sons each took an undivided one-third vested interest in the real estate. When the bank recovered its judgment the same became a lien upon the title to an undivided two-thirds of the real estate which had vested in the sons. The interest of the sons, however, was subject to be divested by the execution of the power of sale given to the executors, with the consent of the widow. (*Cussack* v. *Tweedy*, 126 N. Y. 81.) Upon the execution of the power the lien of the judgment upon the real estate was extinguished. A sale, therefore, made under an execution issued upon the judgment would convey no title whatever to the land sold. This conclusion is sustained by decisions of this court. (*Comrie* v. *Kleman*, 162 App. Div. 510; affd., 222 N. Y. 558; *Rankine* v. *Metzger*, 69 App. Div. 264; affd., 174 N. Y. 540; *Sayles* v. *Best*, 140 N. Y. 368; *Ackerman* v. *Gorton*, 67 N. Y. 63.) The contemplated sale, therefore, by the defendant under the execution issued upon its judgment, recovered against the two sons, would be a useless act.

The plaintiff, as the owner of the real estate, had the right, since the contemplated sale might cast a cloud upon its title, or possibly interfere with its peaceful possession of the land, to maintain this action.

The judgments of the Trial Term and Appellate Division, therefore, should be reversed and judgment for the relief demanded in the complaint in favor of the plaintiff granted, with costs in all courts.

Hiscock, Ch. J., Hogan, Cardozo, Pound and Crane, JJ., concur; Andrews, J., dissents.

Judgment accordingly.