MARY BRENNAN and FLORENCE B. KIRBY, executors of the will of Edward H. Brennan, late of the City of Wilmington and State of Delaware, deceased, *vs.* WILMINGTON TRUST COMPANY, a corporation of the State of Delaware.

1. EXECUTORS AND ADMINISTRATORS—DEVISE OF REALTY SUBJECT TO POWER OF EXECUTRICES TO SELL HELD TO GIVE HEIRS LEGAL TITLE SUBJECT TO BEING DIVESTED.
   Where devise of land was subject to power of executrices to sell, the legal title was in the devisees, subject to be divested by exercise of the power of sale.

2. EXECUTORS AND ADMINISTRATORS—EXECUTION OF POWER OF SALE DIVESTED TITLE OF DEVISEE, REGARDLESS OF LIEN OF THIRD PARTY.
   The execution of power of sale of land by an executor in course of adminstration and settlement of the estate which created power divests title of devisee, regardless of lien of a third party on the interest of the devisee.

3. LIENS—LIEN CREDITOR HAS NO GREATER RIGHTS THAN DEBTOR HAD.
   A lien creditor has no greater rights in property affected by the lien than the debtor had.

4. JUDGMENT—JUDGMENT AGAINST DEVISEE HELD NOT A LIEN PARAMOUNT TO TITLE CONVEYED BY DEED BY EXECUTRICES UNDER POWER OF SALE.
   A judgment against a devisee was not a lien on land devised paramount to title acquired by virtue of the deed of executrices, made pursuant to a power of sale conferred in will.

(*March* 24, 1924.)

RICHARDS and RODNEY, J. J., sitting.

*Charles F. Curley* for plaintiffs.

*William F. Kurtz* for defendant.

Superior Court for New Castle County, January Term, 1924.

SUMMONS CASE, No. 156, May Term, 1923.

By written agreement filed in this case the following facts appear:

Edward H. Brennan died August 22, 1909. Prior to his death he executed his will dated October 27, 1899, which was duly probated. The material provisions of this will are:

"Third. All the rest, residue and remainder of my property, real, personal and mixed, including my life insurance, accident insurance, bank stocks, and all manner of claims, investments and property of whatsoever kind, I give, devise and bequeath unto my beloved wife Mary Brennan for and during the term of her natural life. At the death of my wife it is my wish and desire

that all my said property should be divided in equal shares between my children, share and share alike, the issue of any deceased child to take by right of representation what ever its parent or parents would have taken. If at the death of my wife any of my children be then dead without issue then living, it is my will and desire that the share or shares of such child or children should be equally divided between my children who shall be living at the time of the death of my said wife, the issue of any child or children taking by right of representation what its parent or parents would have taken if living.  *   *   *

"Seventh. I hereby nominate, constitute and appoint my wife Mary Brennan and my daughter Florence J. Brennan the executrices of this my last will and testament, and it is my desire that they be not obliged to give bonds as such executrices. I hereby authorize and empower my said executrices to sell any or all of my real estate, at public or private sale, on such term or terms as to them may seem fit and proper, free and discharged of any trust or limitations of whatsoever kind, and to make and execute any proper deed or instrument of writing for the conveyance to the said purchaser or purchasers of a fee simple estate therein or any lesser estate as fully and amply as I myself could do, without liability on the part of the purchaser or purchasers to see to the application, misapplication or nonapplication of the purchase money."

That one Ferdinand Patzowski recovered against Edward H. Brennan, Jr., one of the children of Edward H. Brennan, deceased, a judgment by confession for the real debt of $3,750, being judgment No. 435, September term, 1918, and entered in Judgment Record T, *volume 3, page* 579.

That on June 30, 1923, the executrices named in the will of Edward H. Brennan, the plaintiffs herein, conveyed a portion of the real estate of which the testator died seized, to Wilmington Trust Company, the defendant. It is admitted that this conveyance was made pursuant to the power of sale given to them in the seventh paragraph of the will, and that the power was exercised by them in good faith and in the ordinary course of the administration and settlement of the estate, and that the executrices have not yet passed a final account for said estate.

It is further admitted that Mary Brennan, the widow and life tenant, and all of the children of Edward H. Brennan, were living at the time of his death and are all still living.

By an understanding at the time of the sale to Wilmington Trust Company, that company, the purchaser, retained $5,500 from the purchase price of said land until the question should be determined as to whether or not the judgment recovered by Pat-

zowski against Edward H. Brennan, Jr., was a lien upon the land. This suit is brought to recover this balance of $5,500 of the purchase price.

RODNEY. J. delivering the opinion of the court:

The sole question to be determined in this case is whether a conveyance made by executors pursuant to a sufficient and ample power in a will vests the title in a purchaser free and clear of the lien of a judgment recovered against a devisee of the real estate named in said will. The question is a narrow one and, in view of the almost uniform current of decisions, not of great difficulty.

A large portion of the defendant's brief discusses the question as to whether the title of the children of the testator, including Edward H. Brennan, Jr., the defendant in the judgment, was a vested or a contigent one. In our opinion this question is unimportant and immaterial. It is sufficient to say that the instrument which created their estate, whatever it was, lodged in the executrices the power to dispose of the fee simple title of the real estate, and pursuant to this power the conveyance in question was admittedly made.

[1]   The title of the devisees in the real estate was not an absolute one in its fullest sense. The power to sell was vested in others, the executrices. In fact, as pointed out in *Smyth v. Anderson*, 31 *Ohio St.* 144, the legal aspects of the case would not be changed if the testator had given the power of sale to his executors, leaving the distribution of the estate to the law of descents. In such case the legal title would have gone to the heirs subject to be divested by the proper execution of the power of sale and the conveyance of the land to which the power of sale attached.

[2]   It has been determined in Delaware that a direction to an executor to sell real estate vests no estate in the executor, but that,subject to the sale, the title descends to the heir at law or is vested in the devisee (*Lockwood v. Stradley*, 1 *Del. Ch.* 298, 12 *Am. Dec.* 97). As said in *Spruance v. Darlington*, 7 *Del. Ch.* 111, 131, 30 *Atl.* 663, 665:

"Between the death of the testator and the sale, the title to the fee descended to his heirs at law, and remained in them until it was divested by the execution of the power conferred upon the executor."

It would seem then to be settled that as between an heir at law or devisee on the one hand and a power of sale given to an executor on the other, that the execution of the power by the executor in the ordinary course of the administration and settlement of the estate which created the power, divests the title of the heir at law or devisee.

[3] The fact that a third party had obtained a lien on the interest of a devisee cannot change this rule of law. It is a general rule that a lien creditor has no greater rights in the property covered by the lien than the debtor himself had.

While not strictly pertinent, the case of *State v. Huxley*, 4 *Harr.* 343, has some application by analogy. There it was determined that an assignee of intestate lands in the orphans' court took all the title the intestate had at the time of his death paramount to any incumbrance created by any heir of the intestate.

Extended extracts from adjudicated cases in other jurisdictions can serve no useful purpose since no case has been found which is not in accord with the principles here adopted. 24 *C. J.* 182; *Morse v. Hackensack Savings Bank*, 47 *N. J. Eq.* 279, 20 *Atl.* 961, 12 *L. R. A.* 62; *Ackerman v. Gorton*, 67 *N. Y.* 63; *Comrie v. Kleman*, 162 *App. Div.* 510, 147 *N. Y. Supp.* 589; *In re Fagan*, 166 *App. Div.* 244, 151 *N. Y. Supp.* 701; *Penn v. Mutual Cotton Oil Co.*, 106 *Ga.* 152, 32 *S. E.* 17; 2 *Underhill on Wills*, 1116.

It is, of course, apparent in this case that no question is before us involving any right of the devisees by election or otherwise, to defeat the execution of the power of sale, nor are we now concerned with the further question as to whether the judgment created any equity in the fund arising from the sale by the executrices.

[4] We are, therefore, of the opinion that the judgment recovered against Edward H. Brennan, Jr., one of the devisees of Edward H. Brennan, was not a lien paramount to the title acquired by Wilmington Trust Company by virtue of the deed of

the executrices of Edward H. Brennan, Sr., said deed being made pursuant to the power of sale conferred in said will.

Judgment is, therefore, entered for the plaintiffs in the sum of $5,500 and costs of suit.