CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of G. WALDO SMITH, Deceased, Appellant, *v.* G. WALDO SMITH, JR., et al., Respondents, Impleaded with Others.

(Argued November 29, 1933; decided January 9, 1934.)

*Charles Angulo* and *Bernard Bernstein* for appellant. The complaint shows that a situation has arisen entitling the trustee to the instructions of the court with respect to the trustee's legal power to grant temporary relief to the tenant. (*Matter of Waring*, 99 N. Y. 114; *Mayor* v. *Fitch*, 9 App. Div. 452; *Weir* v. *Barker*, 104 App. Div. 112; *Matter of City of New York*, 81 App. Div. 27; *Gomez* v. *Gomez*, 147 N. Y. 195; *Matter of McCaffrey*, 50 Hun, 371.) The question concerning which the trustee is

seeking the instructions of the court is a legal and not a business question. (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430; *Snyder* v. *Bender,* 173 N. Y. Supp. 401; *Clark* v. *Levy,* 130 App. Div. 389; *Reppert* v. *Hunter,* 180 App. Div. 680.)

*Jesse F. Orton* and *Thomas Campbell* for respondents. The complaint was properly dismissed, as not stating a cause of action. The trustee has not the power which it claims to have, to make concessions to the tenant of the vital provisions of the lease prescribed by the court for the benefit of the trust estate. (Cons. Laws, ch. 50, §§ 106, 107.) The purpose and authority of sections 106 and 107 of the Real Property Law are not limited to the mere authorization of the execution of a lease. (*Matter of City of New York,* 81 App. Div. 27.)

LEHMAN, J. The complaint alleges that the plaintiff holds, as trustee, real property in the city of New York. It has leased this property for a term of approximately twenty years, expiring September 30th, 1947, at a net rental of twenty thousand dollars per annum. Since June 1st, 1932, the tenant has not paid the full rent, and asserts that it will be compelled to vacate the premises unless it can obtain a temporary reduction of rent for the current year so that the net rental payable will be twelve thousand dollars per annum instead of twenty thousand dollars per annum as fixed by the lease. The plaintiff has asked the life tenants whether they would consent to the temporary reduction proposed by the tenant, " but while one of the said life beneficiaries favors the granting of this relief the other two oppose it." The complaint further alleges that doubt has arisen as " to the respective rights of the parties hereto, and the plaintiff is unable to proceed with the proper administration of its trust unless said doubt is resolved, said controversy determined, and the respective rights of the parties hereto declared and adjudged and the plaintiff instructed as to its legal duties

and authority in the premises." Upon motion made in accordance with rule 106 of the Rules of Civil Practice, the complaint has been dismissed.

The life beneficiaries are given no power by the terms of the will creating the trust to interfere with the trustee in the administration of its trust and the law gives them no such power. The manner in which a trustee shall exercise his function rests ordinarily within his discretion. If he exceeds his powers, acts negligently or abuses his discretion, a beneficiary injured thereby may have redress, but a beneficiary has no power to control the action of the trustee. Consent by a beneficiary in advance may bar claim for redress, on the theory of *volenti non fit injuria*, but consent cannot enlarge nor objection limit the powers of the trustee. Thus a controversy between trustee and beneficiary as to the wisdom of suggested action by the trustee where there is room for choice does not concern " rights and other legal relations " of the parties and forms no basis for a declaratory judgment. (Civ. Prac. Act, § 473.)

In accepting a trust, the trustee assumes the duty of administering the trust with reasonable care. That duty cannot be shifted, and though, at times, a trustee, when in doubt, may ask instructions of the court, the court will not, ordinarily, advise the trustee what course he shall pursue where there is room for the exercise of choice. Even though the courts may have power to control the action of a trustee by instructions or advice, such power may be invoked by the trustee only where, upon established equitable principles, instructions or directions are required for his protection and the discharge of his trust. Trustees are not entitled to instructions " with reference to questions relating to the administration of a trust where the trustees were authorized to exercise their discretion with reference thereto." (*Hill* v. *Moors*, 224 Mass. 163, 165.)

It has been said that " the purpose of this advisory

jurisdiction assumed by courts of equity is not to provide a substitute for the usual legal advisers, but to protect trustees in the class of cases where the advice of competent lawyers is not sufficient protection, because of the doubtful meaning of the trust instrument or because of uncertainty as to the proper application of the law to the facts of the case. There must also be a real need that the trustee's doubts be solved." (2 Perry on Trusts and Trustees [7th ed.], § 476-a. Cf. *Matter of Waring*, 99 N. Y. 114; *Warner* v. *Mettler*, 260 Ill. 416.) Thus the question presented here is whether the complaint shows that there is substantial doubt as to whether the trustee has *power* to grant the tenant a temporary reduction, assuming that in the opinion of the trustee such reduction would be beneficial to the trust estate.

Even though the will creating the trust confers upon the trustee no express power to lease the trust estate, the trustee " may execute and deliver a lease of such real property for a term not exceeding five years, without application to the court. The Supreme Court may, by order, on such terms and conditions as seem just and proper, in respect to rental and renewals, authorize such a trustee to lease such real property for a term exceeding five years, if it appears to the satisfaction of the court that it is for the best interest of the trust estate." (Real Prop. Law, Cons. Laws, ch. 50, § 106.) The power to make a lease includes the power to modify its terms. The trustee has power to modify a lease made for a term of less than five years, just as the trustee has power to make such a lease. In this case the lease was made for a term exceeding five years. For such a lease the approval of the court was required and obtained. The purpose of the statute would be frustrated if the trustee, having obtained the approval of the court on " such terms and conditions as seem just and proper, in respect to rentals," could thereafter modify such terms without the approval of the court.

That a trustee has no power to enter into an agreement

modifying, for a period exceeding five years, the terms of a lease approved by the court, is not questioned, but the plaintiff urges that it may maintain this action for instructions as to its power to modify such a lease temporarily. We find no possible basis for such a distinction. The stipulated payment of rental during the coming year is no less part of the lease for twenty years than the stipulation for payment of rental during the last year of the term. Instead of exercising its power to lease the property for a term not exceeding five years, the trustee asked and obtained the approval of the court for a longer period. Then the court determined that the terms and conditions as to rentals were just and proper. The obligation to pay a stipulated rent during the entire period of the lease constituted part of the bargain submitted to the court for approval. If the trustee believes that a bargain less onerous to the lessee would be of advantage to lessor and lessee alike, he may ask the court to approve a modification of the lease. To that extent such a modification looking to the future, whether for a short or long period, would constitute an abrogation of the old lease and the execution of a new lease, and the Real Property Law (§§ 106 and 107) provides a summary method of obtaining the approval of the court. Without such approval the trustee has no power to relieve the lessee in advance of any obligation of the lease already approved. The clear mandate of the Legislature that the terms and conditions of every lease for a period exceeding five years must be submitted to the court for its approval, leaves no room for doubt that a trustee is without power to modify terms approved by the court, without another application to the court for approval of the lease with its amended terms. There is no basis for asking instructions of the court upon a question of law where there is no room for doubt. The courts below, therefore, properly dismissed the complaint upon motion. Other disposition would merely further delay the trustee in arriving at a determination, which it alone can make, as to whether

application should be made to the court for approval of a lease on amended terms. The complaint does not even allege that the trustee, would, in the exercise of its discretion, modify the terms of the lease if it had power to do so. Under the most favorable construction of the complaint, the trustee is seeking either general instructions as to a trustee's powers, though it may never choose to exercise such powers, or specific instructions as to the manner in which the trustee's discretion should be exercised.

The situation might be different if the trustee asked instructions as to its power to waive a default in the performance of the lessee's covenants in the lease. That question is not before us, and, if presented, would be governed by different considerations.

The judgment should be affirmed, with costs.

POUND, Ch. J., CRANE, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.