CITY BANK FARMERS TRUST COMPANY, as Trustee under the Will of G. WALDO SMITH, Deceased, Appellant, *v.* G. WALDO SMITH, JR., et al., Respondents, Impleaded with Others.

(Submitted April 27, 1934; decided June 5, 1934.)

*Charles Angulo* for appellant. Even though a lease has been made by a trustee pursuant to the approval of the court in a proceeding under sections 106 and 107 of the Real Property Law (Cons. Laws, ch. 50), he, nevertheless, retains his implied common-law power to modify such lease in so far as it affects the trust interest, as distinguished from the remainder or reversion. (*Matter of*

*City of New York* [*110th St.*], 81 App. Div. 27; *Weir* v. *Barker*, 104 App. Div. 112; *Matter of Armory Board*, 29 Misc. Rep. 174; *Frankfort Trust Co.* v. *Schulte, Inc.*, 302 Penn. St. 421; *Hubbell* v. *Hubbell*, 172 Iowa, 538; *Matter of McCaffrey*, 50 Hun, 371; *Gomez* v. *Gomez*, 147 N. Y. 195; *Losey* v. *Stanley*, 147 N. Y. 560; *Matter of Easterly*, 202 N. Y. 466; *Matter of O'Donnell*, 221 N. Y. 197.) When a lease has been made by a trustee pursuant to the approval of the court in a proceeding under sections 106 and 107 of the Real Property Law, the trustee as the legal owner of a life estate in the leased premises, acquires under the lease itself certain rights against the lessee. As the legal owner of these rights, the trustee must possess the requisite power to waive some of them when the lessee is in default and unable to perform in full, and such waiver is necessary in order to prevent their total loss. (*Matter of McIntyre*, 24 App. Div. 167.)

*William H. Page* and *Richard M. Page* for G. Waldo Smith, Jr., respondent. Having entered into a lease under sections 106 and 107 of the Real Property Law, the appellant has no power to modify the rental provided for in such lease, without the authorization of the court. (*Thirty-nine Cortlandt Street Corp.* v. *Lambert*, 209 App. Div. 575; *Aimone Mfg. Co.* v. *Schultz*, 210 App. Div. 41; 240 N. Y. 662.)

LEHMAN, J. Because the appellant urged that it had no opportunity to argue some of the questions determined by this court in affirming the judgment of the Appellate Division (*City Bank Farmers Trust Co.* v. *Smith*, 263 N. Y. 292, 296), reargument was granted. Upon such reargument we adhere to our original decision and to all that we said in the opinion of the court.

The trustee has sought and obtained the approval of the Supreme Court, in accordance with sections 106 and 107 of the Real Property Law (Cons. Laws, ch. 50), for a lease of premises for a term expiring September 30, 1947.

The trustee's estate was limited to the duration of the trust. In the absence of a statute a lease for a definite term by a trustee conferred no estate upon the tenant which would continue after the expiration of the trust though the term of the lease had not then expired. (*Gomez* v. *Gomez*, 147 N. Y. 195; *Matter of City of New York* [*110th St.*], 81 App. Div. 27; affd., 179 N. Y. 572.)

The " best interest of the trust estate " might dictate the leasing of the trust estate for a fixed and certain term measured in years rather than by the uncertain duration of the trust estate. The statute provides that if that is shown to " the satisfaction of the court," it may authorize the trustee to lease such property for a term exceeding five years " upon such terms and conditions as seem just and proper." The statute was not intended to restrict the power of the trustee without the approval of the court to enter into a lease for a term exceeding five years which would be valid so long as the trust estate continues. The trustee has not chosen to exercise such power. If it had done so, then doubtless the trustee could have agreed with the tenant upon any modification of the lease which seemed to it for the best interest of the trust estate. The power to make a lease by necessary implication includes the power to abrogate the lease or change its terms. When the authority to make the lease is dependent upon the approval of the court, then it follows that the authority to change its terms is dependent upon like approval.

During the duration of the trust estate the trustee has duties to perform in connection with the collection of rentals and the enforcement of the terms of the lease. The trustee's duties and powers in that regard are analogous to those of a life tenant of property which has been leased. Discretion in the exercise of those powers rests with him. In order to promote the best interests of the trust estate, a trustee may, at times, waive a breach of the provisions of the lease. A modification of its provisions to relieve the

tenant in advance of any of the obligations of the lease, even during the duration of the trust, is *pro tanto* the making of a new lease and that is beyond the powers of the trustee unless he obtains the approval of the court.

The purpose of the statute is to enable a trustee to make a lease with the approval of the court which would be for the " best interest of the trust estate " though beyond the trustee's power without such approval. The lease, when so made, is a single lease for a definite term. Benefit to the trust estate must be shown before the extraordinary statutory power to bind the estates of remaindermen can be exercised. The purpose of the statute would be frustrated if, after the court had fixed the terms and conditions which are just and proper, those terms and conditions might be changed in accordance with the discretion of the trustee during the duration of the trust estate. If the trustee terminated the lease because of breaches which have occurred, a new lease for the unexpired term could be made only with the approval of the court in accordance with the statute. The like approval is necessary even for a temporary modification of the lease to avoid threatened loss or damage to the estate. Delay, incident to application to the court, might, it is true, thwart the trustee's efforts to avoid the loss. Waiver of past breach may be insufficient. That is a possible disadvantage inherent in any restriction upon the powers of a trustee, but the trust estate cannot have the benefit of a lease which would be beyond the powers of the trustee without the approval of the court and repudiate the restrictions which are a condition for the giving of the approval.

The judgment should be affirmed, without costs.

POUND, Ch. J., CRANE, O'BRIEN, HUBBS and CROUCH, JJ., concur.

Judgment affirmed.