In the Matter of the Estate of TRUMAN W. GREENSLITT, Deceased.

Surrogate's Court, Westchester County, June 29, 1937.

*Seacord, Ritchie & Young [Cornelius G. Schaad* of counsel], for the New Rochelle Trust Company, as executor, etc.

SHEILS, S. In this accounting proceeding the court has been asked to construe the will of this decedent.

The decedent died January 16, 1931. His will, dated July 26, 1923, was admitted to probate on January 28, 1931.

By the third paragraph of the will the testator gave the residue of his property to the New Rochelle Trust Company in trust for the following uses and purposes:

" (1) To hold and continue any investment or security made by me or real property owned by me, as, in the discretion of my said trustee, seems wise, freeing my said trustee from any liability for retaining any of my said investments as part of the trust here created, which it may do in the exercise of its wise discretion. I wish my said trustee to consider the avoiding of any unnecessary loss which might result from the forced sale of any of my said investments, particularly the one thousand shares of the accumulative 6% preferred stock of the Westchester Newspapers, Inc., which I now hold as I wish it to retain this stock as long as it is advisable to do so for the best interests of my estate and for the income it produces. I believe that a sale of this stock would necessarily have to be at too great a sacrifice to justify it as its market is necessarily limited.

" (2) To convert all of my other remaining property, real and personal, into cash as soon after my decease as may be advisable.

" (3) To invest said cash fund so obtained and the proceeds of any investment or security made by me, or real property, and retained by my said trustee as hereinbefore provided which may be paid off and collected by it, or sold by it, in such securities and investments as savings banks are by the laws of the State of New York allowed to invest in, such securities to produce an annual income of at least 5%.

" (4) To pay over the income of this trust for the maintenance and support of my wife, Elizabeth L. Greenslitt, and my sister-in-law Reba Cleveland, so long as they shall live, or to the survivor of them.

" (5) Upon the death of both my said wife, Elizabeth L. Greenslitt, and my said sister-in-law, Reba Cleveland, then to pay over the entire corpus of this trust equally to my brother, Frank E. Greenslitt, now residing at 22 Kossuth Street, Pawtucket, Rhode

Island, and my sister, Ida G. Kennedy, now residing in Putnam, Connecticut.

" (6) If, at any time, my said trustee shall conclude that the income hereinbefore provided for my said wife and my said sister-in-law is insufficient for the reasonable support and maintenance of my said wife and my said sister-in-law then, and in that event, I direct my said trustee, from time to time, to use and apply, in addition to the income hereinbefore provided, such part of said principal sum of this trust as together with said income shall then, in the judgment of my said trustee, be so sufficient."

Elizabeth L. Greenslitt, wife of the testator, predeceased him, having died on December 8, 1923. Reba Cleveland, the sister-in-law, and Frank E. Greenslitt, the brother of the testator, were both living at the time of his death. Frank E. Greenslitt died May 31, 1936, leaving as his only distributee Harry P. Greenslitt, a son. Reba Cleveland, one of the life tenants, and Ida G. Kennedy, sister of the decedent, are still living.

The question is raised as to whether, under these facts, the remainder interests in the residuary trust are vested or contingent.

A future estate is either vested or contingent. It is vested when there is a person in being who would have immediate right to the possession of the property upon the termination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remained uncertain. (Real Prop. Law, § 40.)

It is not the uncertainty of enjoyment in the future, but the uncertainty to the right to that enjoyment which marks the difference between a vested and a contingent remainder. An estate is vested where there is an immediate right of present enjoyment or a present right of future enjoyment. But, though it may be uncertain whether a remainder will ever take effect in possession, it will, nevertheless, be a vested remainder, if the interest is fixed. (*Matter of Trevor*, 120 Misc. 22, 29; affd., 239 N. Y. 6.)

In *Connelly* v. *O'Brien* (166 N. Y. 406, 408) the court said: " A remainder is not to be considered as contingent in any case where it may fairly be construed to be vested, since the law favors the vesting of estates. The adverbs of time, therefore, such as *when, then, after, from* and *after*, etc., in a devise of a remainder limited upon a life estate, are construed to relate merely to the time of the enjoyment of the estate and not to the time of its vesting in interest. The law favors such a construction of a will as will avoid the disinheritance of remaindermen who may happen to die before the determination of the precedent estate. (*Moore* v. *Lyons*, 25 Wend. 119; *Sage* v. *Wheeler*, 3 App. Div. 38; *Matter of Brown*, 93 N. Y.

295; *Delafield* v. *Shipman*, 103 N. Y. 463; *Stokes* v. *Weston*, 142 N. Y. 433; *Bisson* v. *West Shore R. R. Co.*, 143 N. Y. 125; *Corse* v. *Chapman*, 153 N. Y. 466; *Hersee* v. *Simpson*, 154 N. Y. 496; *Goodwin* v. *Coddington*, 154 N. Y. 283; *Matter of Brown*, 154 N. Y. 313.) " (See, also, *Matter of Russell*, 168 N. Y. 169, 175.)

It is a general rule of law that postponement of the time of payment will not, of itself, make a legacy contingent unless it be annexed to the substance of the gift or, as is sometimes the case. unless it be upon an event of such nature that it is to be presumed that the testator meant to make no gift unless that event happened. Another rule of law is that if the direction to pay at a future time be for the convenience of the estate or to let in some other interest, the vesting of the gift is not prevented. (*Loder* v. *Hatfield*, 71 N. Y. 92, 98.)

Where a contrary intention is not manifested in the will it is a settled rule of construction that where futurity is annexed to the substance of the gift, vesting of title is suspended, but if the gift is absolute and the time for payment only is postponed, the gift is not suspended but the title vests at once. (*Fulton Trust Co.* v. *Phillips*, 218 N. Y. 573, 582.)

I am of the opinion that the remainder interests in the residuary trust vested, at the date of death of the testator, in Frank E. Greenslitt and Ida G. Kennedy, in equal shares.

Submit decree accordingly.