## In the Matter of the Estate of Marguerite Merlin Albro, Deceased.

Surrogate's Court, Westchester County, December 7, 1937.

*Seacord, Ritchie & Young* [*Albert Ritchie* of counsel], for the petitioner, New Rochelle Trust Company.

SHEILS, S. The decree admitting this will to probate expressly reserved the question of the construction of the will prayed for in the petition for probate.

The testatrix, at the time of her death on May 21, 1937, was seventy years of age. She left no lineal descendants but was survived by her husband, George Alden Albro; a brother, Louis Merlin; a sister, Madeleine Merlin Cohn; a nephew, Maurice Merlin Cohn; and a niece, Eveline Merlin Cohn, the last two being the children of Madeleine Merlin Cohn and named in the will as "Maurice Cohn Merlin" and "Eveline Cohn Merlin," respectively.

The will of the testatrix, home-drawn and holographic, was executed on October 11, 1933, and admitted to probate on July 22, 1937. She left an estate consisting of cash in bank, amounting to $3,379.39, household and personal effects valued at $715, and stocks and bonds valued at $29,137.25. All the latter are what is known as "non-legal" securities.

In her will she appointed the New Rochelle Trust Company as her executor and trustee, directed payment of her debts and funeral expenses, and gave money legacies of $1,000 to her husband, $500 to her sister, and $200 each to her nephew and niece. The particular portions of her will material here are contained in the seventh, eighth and ninth clauses thereof, which read as follows:

"*Seventh*. To my beloved husband George Alden Albro I direct my executors to pay a life interest of one half of the dividends and interests of my securities.

"*Eighth*. To my beloved sister Madeleine Merlin Cohn I direct my executors to pay her a life interest of the other half of the dividends and interests of my securities.

" I wish also that my jewelry and personal belongings should go to my sister Madeleine Merlin Cohn.

" *Ninth.* In case my said beloved husband should not be alived (*sic*) at the time of my death, I bequeath to my sister or her assigns Madeleine Merlin Cohn living in Paris 98 bis Bd. de Latour, Maubourg all the money, securities and property whatsoever above devised to my said husband. At his death, I wish my executors give my sister Madeleine Merlin Cohn all the Capital instead of the interests and dividends. Should she be dead, everything should be divided with my nephew Maurice Cohn Merlin and his sister Eveline Cohn Merlin."

Summarized, the questions are: (1) Did the testatrix intend by her will to create a trust, and, if so, what portion of her estate was to be included in the trust? (2) If a trust was created, was her sister, Madeleine Merlin Cohn, given a contingent or a vested remainder therein? (3) If a trust was created, was it intended that the trustee should retain the securities of which the testatrix died possessed as the corpus of the estate? These questions will be decided in the order in which they appear without repetition.

Four essential elements are necessary for the creation of a valid trust of personal property: (1) A designated beneficiary; (2) a designated trustee who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee. (*Brown* v. *Spohr*, 180 N. Y. 201, 209.) Particular words, and least of all the specific word " trust," are not necessary to create a trust, but to accomplish that result there must be either an explicit declaration of trust or circumstances which show beyond reasonable doubt that a trust was intended to be created. (*Title Guarantee & Trust Co.* v. *Haven*, 214 N. Y. 468, 481; *Beaver* v. *Beaver*, 117 id. 421.)

It is not difficult, in my opinion, to perceive an intention on the part of the testatrix to create a trust during the lifetime of her husband of the whole amount of her " securities," *i. e.*, her stocks and bonds, for the benefit of her husband and her sister. It seems to me that all the elements for the creation of a valid trust are present. In the first paragraph of her will she appointed the New Rochelle Trust Company as *trustee*. In paragraph seventh she directed her executor to *pay* to her husband " a life interest of one half of the dividends and interests of my securities." In the eighth paragraph she directed that her executors *pay* her sister " a life interest in the other half of the dividends and interests of

my securities." In the ninth paragraph she expressed the wish that, upon her husband's death, her executors give to her sister " all the Capital instead of the interests and dividends."

Obviously, it was her intention that her trustee should have title to the property. Otherwise, it could not make the payments as directed. Moreover, during the lifetime of her husband, the " securities " were not given to any one else. The only other mention that is made of these securities in the will is in the first sentence of the ninth paragraph which provides that in case her husband should not be alive at the time of her death, her sister or her assigns was to receive " all the money, securities and property whatsoever above devised to my said husband." The words " above devised to my said husband " may be disregarded as meaningless because (1) the event provided for did not happen, and (2) the next sentence of the ninth paragraph provides that the sister shall receive all the capital on the death of the husband.

This is a case wherein the rule will be applied that, between two inconsistent clauses, the latter will be preferred as the expression of the final purpose. Words are never to be rejected as meaningless or repugnant if by any logical construction they can be made reasonable and consistent. (*Matter of Buechner*, 226 N. Y. 440, 443.)

It must be borne in mind that the testatrix drew the will herself, apparently without legal assistance. She was not familiar with legal terms. She did the best she could in her attempt to effect a complete disposition of her property. The trust fund is sufficiently designated or identified by the word " securities " to enable title thereto to pass to the trustee.

It is quite evident that she intended her husband and her sister to each receive one-half the income from her securities during the lifetime of her husband, but what of the balance of cash, if any, remaining after the payment of the funeral expenses, debts and expenses of administration? Her jewelry and personal belongings. were given to her sister. Her household furniture may be set off to her husband. (Surr. Ct. Act, § 200.)

One of the canons of construction is that which favors the vesting of estates. (*Hersee* v. *Simpson*, 154 N. Y. 496; *Matter of Ossman* v. *Von Roemer*, 221 id. 381, 387.) The courts struggle to avoid even partial intestacy. (*Meeks* v. *Meeks*, 161 N. Y. 66, 71.)

I think an intention that all her property not otherwise bequeathed should be held in trust during the lifetime of her husband can be found in the ninth paragraph of the will which provides that in case he predeceased her, *all her money, securities and property* should go to the sister. I am of the opinion, there-

fore, and hold that all the property of the testatrix, excepting that specifically bequeathed, is to be held in trust by the New Rochelle Trust Company as trustee during the lifetime of the husband and that during that period, the income from the trust fund is to be paid in equal proportions to the husband and the sister.

This brings us to the question of whether the remainder to the sister is vested or contingent.

Paragraph ninth of the will provides that at the death of the husband " I wish my executors give my sister Madeleine Merlin Cohn all the Capital instead of the interests and dividends. Should she be dead, everything should be divided with my nephew Maurice Cohn Merlin and his sister Eveline Cohn Merlin."

" 'A future estate is either vested or contingent. It is vested, when there is a person in being, who would have an immediate right to the possession of the property, on the determination of all the intermediate or precedent estates. It is contingent while the person to whom or the event on which it is limited to take effect remains uncertain.' (Real Prop. Law, § 40.) It is not the uncertainty of enjoyment in future, but the uncertainty to the right of that enjoyment which marks the difference between a vested and a contingent remainder. An estate is vested when there is an immediate right of present enjoyment, or a *present right of future enjoyment*. But, though it may be uncertain whether a remainder will ever take effect in *possession*, it will, nevertheless, be a vested remainder, if the *interest* is fixed." (*Matter of Trevor*, 120 Misc. 22, 29; affd., 239 N. Y. 6.)

In *Connelly* v. *O'Brien* (166 N. Y. 406, 408) it was said: "A remainder is not to be considered as contingent in any case where it may fairly be construed to be vested, since the law favors the vesting of estates. The adverbs of time, therefore, such as *when*, *then*, *after*, *from* and *after*, etc., in a devise of a remainder limited upon a life estate, are construed to relate merely to the time of the enjoyment of the estate and not to the time of its vesting in interest." (See, also, *Matter of Greenslitt*, 165 Misc. 464, 466.)

I am of the opinion that Madeleine Merlin Cohn has a present vested remainder in the trust principal subject to divestment in case of her death prior to that of the husband of the testatrix, in which case the principal is to go to her two children, Maurice Merlin Cohn and Eveline Merlin Cohn, as substitutionary remaindermen, in equal shares. The words " I wish my executors give my sister Madeleine Merlin Cohn all the Capital instead of the interests and dividends," while precatory, are read as a command rather than an entreaty. (*Matter of Barney*, 207 App. Div. 25, 28, affd., 239 N. Y. 584; *Phillips* v. *Phillips*, 112 id. 197, 204.)

The remaining question relates to the holding by the trustee as a part of the trust fund of the non-legal investments owned by the testatrix at the time of her death.

The will, of course, is silent as to this question. Under ordinary circumstances, a trustee has no authority to invest trust funds in any manner other than that specified by statute, but if the tenor of the will tends to vest in the trustee a broader discretion, he will be protected so far as he strictly pursues the authority bestowed and complies with the general rules of law applicable to his office. (*Matter of Robbins*, 135 Misc. 220, 223.) The trustee could not lawfully continue to hold the non-legal securities as a part of the trust fund unless explicitly authorized so to do by the testatrix. There are many cases to the effect that where fiduciaries are authorized but not required to hold, as part of the trust fund, securities acquired by the decedent in his lifetime, this was not an absolute protection to the fiduciary but he was held to that degree of care and prudence possessed by men of discretion in their business affairs. (*Matter of Clark*, 257 N. Y. 132; *Matter of McCafferty*, 147 Misc. 179, 198.) In the latter case the court said: "All courts dealing with such matters have repeatedly pointed out that, absent express contrary authorization in the will, it is the duty of testamentary fiduciaries to place the funds of the estate only in securities which diligent and prudent men of discretion would purchase, and which, in addition, are authorized for trust investment by the pertinent statutes of this State."

It is my opinion, therefore, that the language of the will does not authorize, much less require, the executor and trustee to retain the investments made by the testatrix as a part of the trust fund created under her will, but that it is the duty of the executor and trustee to convert these securities into such investments as are legal for the investment of trust funds under the laws of this State.

Submit decree accordingly.