Samuel Faile, S.
In this intermediate accounting proceeding the trustee requests the court to authorize the retention of the former residence of testatrix as an asset, or in the event that the court refuses to furnish such directions to approve a proposed lease of such property.
The will of testatrix was admitted to probate by a decree of this court dated September 19, 1933. The testatrix was survived by a grandchild as her sole distributee. Under the provisions of her will the entire income from the residuary trust is payable equally to such grandchild by reason of her having *647 attained the age of 30 years and to her mother, a daughter-in-law of testatrix. Upon the death of either income beneficiary the entire income is payable to the survivor and upon the death of the survivor the remainder is distributable to the surviving issue of such grandchild or if there be no such issue to certain named cousins of the testatrix.
The residence was purchased by testatrix after the execution of her will, and she, with her daughter-in-law and such grandchild, thereafter lived in such residence until the time of her death. The trustee has retained such property and both income beneficiaries continue to reside in the premises.
Although by the will investments by the trustee are restricted to statutory investments, the trustee has requested the court to authorize continued retention of the residence so that the income beneficiaries may continue to reside therein. In the event of refusal to furnish directions for continued retention the trustee seeks judicial approval of a lease between it and both income beneficiaries for a period of 10 years, containing provisions for renewal for a like period, at the option of the tenants, and for termination by the tenants upon 30 days’ notice.
The trustee is not empowered by the will to retain assets or to invest in other than permitted investments for fiduciaries. In the absence of a provision authorizing the retention thereof the trustee is ordinarily under a duty to sell other than permitted investments within a reasonable time. (Matter of Weston, 91 N. Y. 502; Matter of Surpless, 143 Misc. 48.) In the absence of authority to retain or invest in other than such permitted investments a fiduciary may retain such investments only at its own risk. (Villard v. Villard, 219 N. Y. 482; Matter of Hirsch, 116 App. Div. 367, affd. 188 N. Y. 584; Matter of Baker, 249 App. Div. 265.)
Approval of the proposed lease would be tantamount to authorizing continued retention of the residence for the term of the lease. Sections 106 and 107 of the Beal Property Law permitting court approval of a lease in excess of five years do not bar a lease of property by a trustee for a term in excess of five years without approval of the court. (City Bank Farmers Trust Co. v. Smith, 264 N. Y. 396.) A lease entered into for a term in excess of five years without court approval would, therefore be valid until the termination of the trust. (Hastings v. Black, 24 N. Y. S. 2d 190.) The fact that under the terms of the proposed lease the lease will terminate upon the death of the lessees renders judicial approval of the proposed lease unnecessary.
*648 The courts will not ordinarily furnish advice and directions to fiduciaries as to matters involving merely the exercise of business judgment. (City Bank Farmers Trust Co. v. Smith, 263 N. Y. 292; Matter of Lester, 155 Misc. 536; Matter of Daly, 152 Misc. 210.) Accordingly, the court refuses to advise the trustee with respect to the continued retention of such property or to judicially approve the proposed lease.
Settle decree.