Joseph A. Cox, S.
The testator’s will directs the payment of his debts and funeral expenses and further directs that there be no apportionment of estate taxes but that all taxes be paid out of the residuary estate. The will also contains directions for the interment of the testator’s remains, the perpetual care of the cemetery plot and memorial prayers. The testator bequeathed a general legacy of $2,500 to his wife, bequeathed two sisters $500 each and provided that the residuary estate be held in trust for the benefit of his wife.
The court is asked to determine the effect of the testamentary provision which reads: “ It is my will that my trustees, hereinafter named, shall not during the life of my wife, SARAH FURST, in any way convey my stockholdings, or vote said stock in the 2296 Bathgate Avenue Corp., so as to sell or convey premises — 2296 Bathgate Avenue, Bronx, New York City.” The necessity for considering the quoted provision arises because the cash assets of the estate are said to be inadequate *1060 either to meet administration expenses and taxes or to permit payment of the general legacies and the only remaining asset of the estate is the majority stock interest in the realty corporation referred to in the will.
It is the duty of the executors to meet the obligations of the estate and to make distribution in accordance with the will insofar as the assets of the estate permit. It has long been the law that executors are empowered to sell the personal property of the testator for the purpose of paying the debts of the estate, the expenses of administration and making distribution of any remaining balance to the legatees in the proportions dictated by the' will (Matter of Titus, 86 Misc. 375, 381 and authorities there cited). This power is explicitly conferred by section 214 of the Surrogate’s Court Act.
The testator cannot free his property from the payment of his debts and any attempt to dispose of property in a manner inconsistent with the rights of creditors would be ineffectual. There is nothing in the instant will to indicate that this testator entertained any thought either to avoid his debts or to exonerate the residuary estate from the charges normally to be imposed thereon, for the will contains the usual general direction for payment of debts and explicitly charges against the residuary estate all of the estate taxes and not merely a proportionate share of such taxes. Neither does the will express an intention that the general legacies be deferred to the residuary trust or that such legacies be abated in the event of a deficiency of cash assets. The court construes the will as expressive of an intention that, so long as no occasion existed to liquidate the stock for the purpose of meeting estate obligations, the shares be retained as part of the residuary trust principal (cf. Mertz v. Guaranty Trust Co., 247 N. Y. 137, 144; Matter of Westerfield, 193 Misc. 443, mod. 278 App. Div. 153, affd. 303 N. Y. 916).
The necessity for a sale of the corporate stock is a matter for decision by the executors as is also the problem of determining the advantages and disadvantages to the estate of either a sale of the entire holding or a sale of a limited number of shares and the retention of the balance which then will be a minority interest (City Bank Farmers Trust Co. v. Smith, 263 N. Y. 292, 295; Matter of Pulitzer, 139 Misc. 575, affd. 237 App. Div. 808).
The allocation of income dividends heretofore paid on the corporate shares is governed by section 17-b of the Personal Property Law.
The objections to the account of the executors will be heard on the 1st day of November, 1957 at 11:00 a.m.