John D. Bennett, S.
In this accounting proceeding the court is asked to construe the testator’s will regarding the power of the trustees to retain investments made by the decedent.
Paragraph “ Fifteenth ” states that as the testator may have stocks and other securities of various kinds which may not be advantageously sold at once, the executors are empowered to appraise the value of such investments and divide them among the several legacies and trusts in proportion to the respective shares or interests of same and deliver such investments in full < r partial payment or satisfaction of the legacies.
Paragraph “ Sixteenth ” of said will directs that the trusts or legacies to be set apart may be done so in the discretion of his executors in money or property belonging to the testator at the time of his decease, at such valuation as the executors, in their discretion, deem advisable.
Basically, trustees are not justified, in the absence of explicit authority to do so by the decedent’s will, to retain nonlegal investments (Matter of Albro, 165 Misc. 486; Matter of McCormack, 4 Misc 2d 646; 3 Warren’s Heaton, Surrogates’ Courts [6th ed.], § 264, par. 4) other than that authorized by statute.
However, under subdivision 6 of section 21 of the Personal Property Law a fiduciary will not be liable for any loss incurred with respect to nonlegals which arc directed to be received by the will, provided that said fiduciary exercises due care and prudence in the disposition or retention of any such ineligible investments (Matter of Westerfield, 278 App. Div. 153, affd. 303 N. Y. 916; Central Hanover Bank & Trust Co. v. Coffin, 104 N. Y. S. 2d 432; Matter of Flagg, 275 App. Div. 848).
Accordingly the court construes the decedent’s will as not authorizing the retention of nonlegal investments but the fiduciary may retain same to the extent authorized by subdivision 6 of section 21 of the Personal Property Law, provided it exercises due care and prudence.
The court will not advise or direct the fiduciary as to whether to retain said securities or not, for that involves the exercise of sound business judgment (City Bank Farmers Trust Co. v. Smith, 263 N. Y. 292; Matter of McCormack, supra).