■    BULOVA FUND, INC., et al., Appellants, v. HARRY B. HENSHEL et al., Purporting to Act as the Majority of the Trustees under the Said Trust Indenture, et al., Respondents.— Order entered July 19, 1968, unanimously modified, on the law and the facts, and the motion granted in its entirety, enlarging the injunction and enjoining the individual defendants from voting the 54,121 shares of stock of Bulova Watch Company, Inc., which form the corpus of the trust for the benefit of Harry B. Henshel. As so modified the order is affirmed, with $30 costs and disbursements to the parties filing briefs payable out of the trust estate. The tenure of defendants as trustees terminated by the explicit language of the trust indenture on March 31, 1968. As of that date they lost the right to vote the shares held in the continuing trusts. That right devolved upon the settlor's testamentary trustees, the successor trustees, to whom, as we said in our decision of July 9, 1968 (*Matter of Bulova Fund,* 30 A D 2d 321), the defendants were under a duty to turn over the principal of the trusts in kind. The fact that the defendants were still listed as the record owners of these shares, and that the life beneficiary of one of the trusts, the corpus of which consists of 54,121 shares, indicated his desire that such shares be voted by the defendants, did not empower them to vote the shares. In the absence of contrary directions in the trust instrument, the right to vote the shares of corporations held in trust is one possessed by the fiduciary alone. "The life beneficiaries are given no power by the terms of the will creating the trust to interfere with the trustee in the administration of its trust and the law gives them no such power. The manner in which a trustee shall exercise his function rests ordinarily within his discretion. If he exceeds his powers, acts negligently or abuses his discretion, a beneficiary injured thereby may have redress, but a beneficiary has no power to control the action of the trustee." (*City Bank Farmers Trust Co.* v. *Smith,* 263 N. Y. 292, 295.) Concur — Botein, P. J., Tilzer, McGivern and McNally, JJ.