■ In the Matter of the Estate of OSCAR F. JUNGGREN, Deceased. SCHENECTADY TRUST COMPANY, as Trustee under the Last Will and Testament of OSCAR F. JUNGGREN, Deceased, Respondent; CHARLES H. ABBE, as Executor of ESTHER V. ABBE, Also Known as VIRGINIA J. ABBE, Deceased, Appellant, CHARLES J. ABBE et al., Respondents.—Appeal from that part of a decree of the Surrogate's Court of Schenectady County, entered January 31, 1975, which construed the will of decedent Oscar F. Junggren so as to provide that the corpus of the trust established by the fourth paragraph of decedent's will be distributed in equal shares to the respondents. The question presented on this appeal concerns the proper distribution of the corpus of a trust established by the will of the testator-settlor Oscar F. Junggren. The will provided in pertinent part that: "FOURTH: All the rest, residue and remainder of my estate, both real and personal and wheresoever situated, I give, devise and bequeath to the Schenectady Trust Company to have and to hold the same during the widowhood of my said wife IN TRUST, to invest and keep the same safely invested, to collect the rents, interest, dividends, and income thereof and therefrom and, after paying all expenses of administering the said Trust, to apply the net income as follows: Thirty-five Hundred Dollars per year to my said wife, Grace Elma Junggren, for and during the term of her natural life or until her remarriage, and the balance of said net income to be paid as follows: Forty per cent thereof to my said wife until her death or remarriage and the remaining sixty per cent of such excess in equal shares per stirpes to my living children and the descendants of any deceased child or children. And upon the further Trust, upon the death or remarriage of my said wife, whichever event shall first occur, to assign, transfer, pay over and deliver the said Trust Fund, in equal shares per stirpes, to my children living at my death and the descendants then living of any of my children who may have died during my lifetime leaving descendants living at my death to whom, in such shares, I do hereby give, devise and bequeath the same." Testator died September 24, 1935 survived by his wife and their only issue: a son and two daughters. The widow died August 31, 1973 without ever having remarried, survived only

by her son. One daughter had died testate on June 3, 1957 survived only by two children who took her residuary estate, and the other daughter, Esther Virginia Abbe, had died testate on March 8, 1953 survived by her husband Charles H. Abbe, the objectant, to whom she left her entire estate, and three children, respondents herein. The Surrogate found the foregoing clause ambiguous, entertained a proceeding to construe the will, and held that it was the intent of the testator that his grandchildren benefit in the corpus of the estate after the death of his widow, not his son-in-law. To accomplish this, it was necessary to hold that the right of testator's children to share in the corpus depended upon the children of the testator surviving the testator's wife, rather than surviving the testator. Accordingly, the Surrogate construed the phrases "living at my death", "died during my lifetime", and again "living at my death" to read "living at her death", "died during her lifetime" and again "living at her death" citing *Matter of Weinstein* (28 Misc 2d 901). The threshold question to be resolved is whether some ambiguity or lack of clarity exists requiring the application of rules of construction for the purpose of resolving a doubt introduced by the terms of the will *(Goodwin v Coddington,* 154 NY 283, 286). The Surrogate found the disparate treatment of grandchildren in relation to the income of the trust as opposed to its corpus, a basic conflict sufficient to invoke rules of construction. We are unable to discern such a conflict. The language of the will is clear and unambiguous. In disposing of the 60% excess income, testator provided for distribution "in equal shares per stirpes *to my living children and the descendants of any deceased child or children."* The wording of the gift of corpus is "in equal shares per stirpes, *to my children living at my death and the descendants then living of any of my children who may have died during my life leaving descendants living at my death".* The language in each provision is completely different and the intention is easily ascertainable from the instrument itself. The terms used in relation to corpus are clear and definite and the court has no power to change them *(Matter of Bisconti,* 306 NY 442, 445; *Mullarky v Sullivan,* 136 NY 227). The children who survived the testator received an indefeasibly vested remainder in the corpus of the trust. The entire fund passed to them as a gift to a class, the members of which were determined upon the death of the testator, and the interposition of the trust does not affect the ultimate disposition of the fund. A future estate is vested when there are persons in being who would have immediate right to the possession of the property upon the termination of all the intermediate or precedent estates (EPTL 6-4.7; 96 C.J.S. Wills, §§ 921, 926; *Wilber v Wilber,* 165 NY 451; *Matter of Greenslitt,* 165 Misc 464). Accordingly, and for the reasons stated, we hold that rules of construction were improperly invoked herein since paragraph FOURTH of the will of Oscar F. Junggren clearly indicates that, as to corpus, the estate of any child who survived the testator would take to the exclusion of others. Decree modified, on the law and the facts, by striking the ninth and tenth decretal paragraphs thereof, and proceeding remitted to the Surrogate's Court of Schenectady County for further proceedings not inconsistent herewith, with costs to all parties filing briefs payable out of the estate. Greenblott, J. P., Sweeney, Kane, Larkin and Reynolds, JJ., concur.