OPINION OF THE COURT
William J. Regan, S. •
The deceased, John B. Mulholland, died on September 28, 1963, leaving a last will and testament dated October 31, 1961, which will was probated in this court on October 7, 1963. Letters testamentary and letters of trusteeship were issued to petitioner Robert J. Mulholland and to Hilda Mulholland, wife of the deceased, on that date. Testator, at the time of his death, was survived by his wife, Hilda, and four children, Joan Mulholland, Robert J. Mulholland, Donna Ross and Janet Shanahan.
By article IX of his will, testator provided:
“I give and bequeath to my wife, Hilda mulholland, the sum of Twenty-five Hundred Dollars ($2,500.00), and I give, devise and bequeath to my wife, Hilda mulholland, and my son, Robert J. mulholland, in trust, the balance of my estate, for the following uses and purposes, namely:
*355 “a. To collect and receive the income and profits therefrom, and to pay the same in equal monthly installments for the support and maintenance of my wife, HILDA mulholland, during the term of her natural life.
“b. Upon the death of my said wife, the principal remaining in this trust shall be paid, transferred or distributed by the Trustee to my surviving children, JOAN mulholland, ROBERT J. MULHOLLAND, DONNA ROSS and JANET SHANAHAN, share and share alike.”
Hilda Mulholland died on November 16, 1979. She was predeceased by Donna Ross, who died intestate on March 18, 1968, survived by her husband and three children.
In this judicial settlement proceeding the court is required to construe article IX (b) of the testator’s will.
Petitioner contends that article IX (b) requires the children named therein to survive the life beneficiary; that the death of Donna Ross prior to the death of her mother, the life beneficiary, divested her of her share in the trust remainder. The testator, petitioner claims, intended that this bequest pass to those of his children who survived his wife, the life beneficiary. Matter of Gautier (3 NY2d 502) is cited by petitioner in support of the argument that the use of the term “surviving” in the gift of a remainder interest to a number of persons surviving refers to survivorship of the life tenant and not merely of the testator.
Respondent, on the other hand, contends that testator, by the language used, intended survivorship of the testator only, and not of the life beneficiary. (Matter of Young, 62 Misc 2d 86.)
After hearing extensive arguments of counsel and upon review of the various legal memoranda submitted by counsel, it appears to this court that the interest of Donna Ross vested in her immediately upon the death of testator, so that survivorship of the life beneficiary was not required. Gautier (supra, p 508) contrary to petitioner’s claim that it determined once and for all the use of the term “surviving,” emphasized and reiterated that “testator’s intention as gathered from the will is, of course, controlling and, in seeking it, we must give to his words their natural and *356 ordinary meaning.” As Judge Fuld pointed out in that decision, when testator wished distribution to depend on mere survival of himself, he said so in so many words and he clearly indicated, when intended, the necessity that the remainderman outlive the life beneficiary in order to share in the corpus of the trust.
In the instant proceeding, there does not appear to exist any such ambiguity or lack of clarity as to require the application of rules of construction. Article IX (b) clearly gives to the testator’s surviving children a present gift, the enjoyment only of which is postponed and conditioned upon the death of his wife. The language used in disposing of the corpus is clear and definite and the court has no power to change it (Matter of Bisconti, 306 NY 442). The children who survived the testator received an indefeasibly vested remainder in the corpus of the trust. The entire fund passed to them as a gift to a class, the members of which were determined upon the death of the testator, and the interposition of the trust does not affect the ultimate disposition of the fund. A future estate is vested when there are persons in being who would have immediate right to the possession of the property upon the termination of all the intermediate or precedent estates (EPTL 6-4.7; Matter of Junggren, 48 AD 2d 976).
It is, accordingly, the decision of this court that a remainder interest in the trust designated by article IX (b) of decedent’s will vested immediately in Donna Ross on the death of the testator, which interest was not divested by her death before that of the life beneficiary and which interest, by reason of her death, should now be made payable to her estate.